Hugh F. McLachlin et al. Respondents, *v.* James E. Brett et al., Appellants.

At the time of the making of an executory contract for the sale and delivery of a quantity of lumber, the vendor was indebted to the vendee, the latter having in his hands some lumber belonging to the former, to be sold on commission and the proceeds applied on the indebtedness. Before delivery under the contract, the vendor notified the vendee that the lumber contracted for belonged to other persons, for whom the vendor was acting as agent. *Held*, that the vendee, having accepted the lumber after such notice, could not, in an action by the owner to recover the purchase-price, offset the balance due them from the agent; that no right of offset arose at the time of making the contract.

*It seems* the vendee could have refused the substituted performance by another, but having accepted it the whole purchase-price became due to the real and disclosed owners.

(Argued March 18, 1887 ; decided April 19, 1887.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 9, 1885, which affirmed a judgment in favor of plaintiffs entered upon a verdict. (Reported below, 34 Hun, 478.)

This action was brought to recover a balance alleged to be due for certain lumber sold and delivered by plaintiffs to defendants.

The material facts are stated in the opinion.

*Esek Cowen* for appellants. To entitle plaintiffs to recover they were bound to prove, not only that Hall & Company sold the lumber to the defendants as the agents of McLachlin Brothers, but that at the time of the sale the defendants knew, or had sufficient information to fairly infer the existence of an actual agency, or that the circumstances were such as fairly to put the defendants on their inquiry. (Story on Agency, § 444 ; *Rabone* v. *Williams*, 7 T. R. 360 ; *George* v. *Claggett*, id. 359 ; 2 Smith's L. C. 185, 373 ; *Warner* v. *McKay*, 1 M. & W. 595 ; *Henry* v. *Marvin*, 3 E. D. S. 76 ; Dunlap's Paley's Agency, 328, 329 ; *Taintor* v. *Pendergast*, 3 Hill, 72 ; *Hogan* v. *Shorb*,

24 Wend. 458.) The admission of the Cooper letter is sufficient. reason for the reversal of the judgment. (*Erben* v. *Lorillard*, 19 N. Y. 299; *Worrall* v. *Parmlee*, 1 Comst. 519; *Osgood* v. *Manhattan Co.*, 3 Cow. 612; *Green* v. *H. R. R. R. Co.*, 3 Barb. 25; *In re N. Y., W. S. & B. R. R. Co.*, 35 Hun, 260; *In re N. Y. L. & W. R. Co.*, 29 id. 5; *Newman* v. *Goddard*, 3 id. 70; *Tabor* v. *Van Tassell*, 86 N. Y. 642.) Hall having testified to the effect that $5,000 was remitted by defendants to Hall & Company, and the cross-examination showing that the witness had no personal knowledge of any such remittance, the motion to strike out the testimony should have been granted. (*Worall* v. *Parmelee*, 1 Comst. 519; *Erben* v. *Lorillard*, 19 N. Y. 299; *Osgood* v. *Manhattan Co.*, 3 Cow. 612.) The transaction was "complete" and the rights of the parties fixed, when Hall & Company elected to fill the defendants' order with the plaintiffs' lumber, and the defendants became bound to receive their lumber on their contract of purchase. (*Hogan* v. *Shorb*, 24 Wend. 458.) If a purchaser has purchased of an agent upon the just belief, authorized by the facts of the case, that he is the real principal, he may avail himself of any set-off which he has against the agent, as well as the principal, in any suit brought by the latter upon the contract, for in such a case he will be entitled to avail himself of the like set-off if the suit is in the name of the principal. (Story on Agency, §§ 34, 110, 404; *Semenza* v. *Brinsley*, 18 C. B. [N. S.] 477; L. R., 9 C. P. 38; L. R., 4 Ch. Div. 133.) The contract was complete when the defendants entered into a binding contract with Hall & Company to take from them 900,000 feet of lumber, and when Hall & Company, without the knowledge or consent of the defendants, elected to fill that order with the plaintiff's lumber. (Story on Agency, §§ 418, 420.) A principal shall not assert his right to the purchase-price of property, which he has permitted his agent to sell in his own name, to the disadvantage of the purchaser and shall be affected by all equities existing between such agent and the purchaser. (*Hogan* v. *Shorb*, 24 Wend. 458; *Voorhis* v. *Olmstead*, 66 N. Y. 113, 118; *Cent.*

*Nat. Bk.* v. *Nat. Bk. of Com.*, 50 N. Y. 575 ; *Casco Bk.* v. *Keene*, 53 Me. 103 ; *Knight* v. *Wiffin*, L. R., 5 Q. B. 660.)

*Edward C. James* for respondents. A principa., whether foreign or domestic, may sue in his own name to collect a sum of money, due upon goods sold and delivered by his agent, although the agent made the sale without disclosing his principal, and the purchaser supposed that the agent was himself the principal. (*Wright* v. *Cabot*, 89 N. Y. 570 ; *Taintor* v. *Prendergast*, 3 Hill, 72 ; *Leverick* v. *Meigs*, 1 Cow. 645, 663, 665, 670 ; *U. I. R. Co.* v. *Tomlinson*, 1 E. D. S. 364.) The rule that third persons may deal with one as principal, who holds himself out as such, concealing his agency, and not disclosing its origin, and that the real principal cannot so assert his rights as to cut off the equities which have grown up between such agent and third persons ; cannot apply where the third person knows, or has sufficient information to fairly infer the existence of an actual agency, although the name of the principal be not disclosed. (*Hogan* v. *Shorb*, 24 Wend. 462 ; *Maans* v. *Henderson*, 1 East 335 ; *Bliss* v. *Bliss*, 7 Bosw. 345 ; *Baring* v. *Corrie*, 2 Barn. & Ald. 137 ; *Wright* v. *Cabot*, 89 N. Y. 570, 574, 575 ; Paley on Agency, 331 ; *Moore* v. *Clementson*, 2 Camp. [N. P.] Cases, 22 ; *Rabone* v. *Williams*, 7 Term R. 360 ; *Pratt* v. *Collins*, 30 Hun, 126, 128 ; Parsons on Cont. 743 ; Har. & Edw. N. P. 1129 ; Barbour on Set-off 135, 136.) To entitle the purchaser to off-set the agent's indebtedness the factor must have sold the goods as his own. (2 Parsons on Cont. 743 ; *Brown* v. *Morris,* 83 N. C. 251, 254.) The owner must have authorized the factor to sell them as his own. or consented thereto. (Parsons on Cont. 743 ; Wharton on Cont. § 1023 ; Story on Agency, § 330 ; *Brown* v. *Morris*, 83 N. C. 251 ; *Miller* v. *Lea*, 35 Md. 396 ; *Bowers* v. *Imp. Ott. Bk.*, L. R. 7 C. P. 38 ; *Leming* v. *Brinsley*, 34 L. J. 173.) If the character of the seller is in doubt, the purchaser is bound to make inquiries. (*Miller* v. *Lea*, 35 Md. 396, 406, 407. *Wright* v. *Cabot*, 89 N. Y. 570, 574 ; *Bliss* v. *Bliss*, 7 Bosw. 346, 347.) The purchaser

must have been misled to his prejudice. (*Wright* v. *Cabot*, 89 N. Y. 570, 574; *Henry* v. *Manice*, 3 E. D. S. 71, 74; *White* v. *Jaudon*, 9 Bosw. 415.) The order of revivor is conclusive. (*McLachlin* v. *Brett*, 2 Civil Pro. R. 190; 90 N. Y. 653; *Underhill* v. *Crawford*, 29 Barb. 664; *Isham* v. *Davidson*, 3 T. & C. 745; *Coit* v. *Campbell*, 82 N. Y. 509, 515; *Reese* v. *Smith*, 95 id. 645; *Piper* v. *Van Buren*, 27 Hun, 384.) The defendants had the right to prove what was written, said and done, but not what was understood, supposed or suspected. It was for the jury to find what conclusion was to be drawn from the facts. (66 Barb. 483; 67 id. 243; 2 Hun, 107; 4 T. & C. 684; 21 Hun, 376; 81 N. Y. 584.)

FINCH, J. The material facts in this case are substantially undisputed. For some years previous to 1875 the defendants had been in the habit of purchasing lumber in Canada of Hall & Company, dealing with that firm as owners and in their own name. In the process a large indebtedness had accrued in favor of the defendants, which the parties expected would be reduced by the sale of a quantity of shooks consigned by Hall & Company to the defendants, to be sold by them on commission. While the shooks remained unsold, and the indebtedness referred to stood unbalanced or unaffected by their proceeds, and on or about September 23, 1875, the defendants made a contract with Hall & Company for the sale and delivery to them of 600,000 feet of specified lumber upon a credit of three months. The order was very soon increased to 900,000 feet, which at the agreed price would have amounted to more than the outstanding debt, irrespective of the proceeds of the unsold shooks. This contract of purchase and sale was made binding by telegrams and letters which sufficiently manifested the terms of the agreement. That agreement was, of course, executory, and remained to be performed, the respective parties having only the right to compel performance, or recover damages for a breach. Before any of the lumber arrived at New York, and before title to any of it had vested in the defendants, the

latter were, in substance, informed that the lumber shipped and on the way was not the property of Hall & Company, but was owned by other parties for whom Hall & Company were acting as agents. While some criticism is expended upon the manner and tenor of this notification, we deem it quite sufficient to charge defendants with a knowledge that Hall & Company were not the owners of the lumber with which they were proposing to fulfill their contract. The defendants accepted the lumber with this knowledge. It turns out that the insolvency of Hall & Company and a seriously diminished return from the sale of the shooks has left a portion of the debt due from Hall & Company unpaid, which balance the defendants claim to off-set in this action brought by the real owners of the lumber, and whether that off-set should be allowed, or rejected as the courts below have determined, is the principal question presented by this appeal.

The reasoning of the learned counsel for the appellants is founded substantially upon the validity and binding force of the executory contract of purchase and sale at its date. He answers the authorities which deny the right of set-off when notice of an agency and different ownership is given " before the contract is completed" (*Moore* v. *Clementson*, 2 Camp. N. P. Rep. 22) ; "before they are delivered or paid for" (Barb. on Set-off, p. 135, 136) ; "before the factor delivers goods in his own name " (*Rabone* v. *Williams*, 7 Term Rep. 360) ; " by something which transpired before the contract was completed " (*Hogan* v. *Shorb*, 24 Wend. 457, 463) ; by insisting that they relate to cases in which the sale and delivery are concurrent acts and there is no contract without the delivery ; and he claims that in the present case the rights of the parties were fixed when the contract itself was made ; that the right of set-off at once accrued, and when the principal sued and took the benefit of his agent's contract he was liable also for its burdens.

We think the error of this reasoning lies in the assumption that the defendants obtained a right of set-off at the moment the contract was made. We are unable to admit that proposi-

tion.  The contract was executory.  While it remained such,
it created no debt due to Hall & Company against which
there could be a set-off.  Out of that contract a debt due from
the defendants might or might not arise, and until it did there
was nothing upon which a counter-demand could be applied.
The defendants were not at once liable for the purchase-price
of the lumber.  Until its delivery or tender in accordance
with the contract terms the vendee was not bound to pay or
give his note, and until those conditions performed created a
debt there was none so existing as even to raise the question
of off-set.  If the vendors did not perform, the vendees would
owe them nothing for the lumber, but, on the contrary, would
merely have a further claim for breach of the contract.  At
the date of the contract, the added fact must be noted that the
real claim of the defendants was unknown and unliquidated and
could not be finally ascertained until the proceeds of the shooks
were determined by a sale.  The debt was only liquidated in
part.  It was subject to reduction by the property already
received from Hall & Company, but the proceeds of which
were unknown.  The right of off-set, therefore, did not and
could not arise at the date of the contract, and sprang up, if
at all, at the date of delivery  But, before that, notice of
another ownership intervened.  When the lumber came, and
the vendee saw that the vendor, on a contract made with him
as owner, was seeking to perform as agent, and instead of ful-
filling his own obligation was substituting performance by
another, such vendee could refuse the substituted performance
in any case where his rights or interests would be injuriously
affected by the change.  Brett & Company had been long
dealing with Hall & Company as owner, and in the process
mutual accounts had been steadily debited and credited, and
applied one upon the other.  When the purchase was made
the balance, so far as ascertained, was largely against the ven-
dors, and may have been made either as to quantity or price
for that very reason.  In such a case the vendees undoubtedly
had a right to refuse to come under obligations to the new
creditor, and did not break their contract with Hall & Com-

pany if they stood upon such refusal.   But, being at liberty
to refuse, and to demand performance by Hall & Company,
under the existing circumstances and relations, in strict accord
with their contract, they were also at liberty to accept the
lumber with the necessary consequence that the whole pur-
chase-price should become due to the real and disclosed owner,
and none of it to Hall & Company, except as agents for that
owner.   And so it follows that the authorities stand upon just
principles when they assert that the set-off is lost if the princi-
pal is disclosed before the goods are delivered or the payment
made.   The vendee is not then acting in the dark, and has his
liberty of action remaining, at least where his interests may
be affected by the change of creditors, and so can have no
equity to use the goods of one man to pay the debt of another.
If he refuses, as he may, his contract relation with his vendor
remains, and all his rights and remedies under it.   But if he
accepts he cannot complain that his rights are changed and
harmed, since the acceptance is his free and voluntary act,
made with full knowledge and without being misled.

Certain questions of evidence remain to be briefly consid-
ered.   One of the defendants was asked whether he *ever*
knew, or supposed, or suspected that Hall & Company were
not the principals in the transaction.   The question was cer-
tainly too broad.   It could not have been truthfully answered
in the negative for the witness admits that he heard of plain-
tiff's claim directly from them in April, 1876.   Indeed, he
was permitted to answer that he knew of no such agency
before February of that year which covered the material por-
tion of the time.   He was also asked who he *understood* to
be the owner of the lumber at the time of the sale and deliv-
ery.   The facts as to the notice given were proved.   His
understanding or misunderstanding of them could not alter
what they disclosed.   The letter of February 10, 1876, was
not objected to because written by Cooper.   When offered it
was shown to the witness and he was asked : " Is that the sig-
nature of Brett, Son & Company by Cooper," and answered,
" It is."   The objection was " immaterial and incompetent and

as being subsequent to this lumber transaction." There was no suggestion that the letter was not that of the firm, or was written without their knowledge or authority, which appears to be the present ground of complaint. Other questions we have examined but need not discuss.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.