(100 App. Div. 247)

## THALMANN et al. v. CAPRON KNITTING CO.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. LIENS—ABANDONMENT—SURRENDER OF GOODS.

Where plaintiffs had a lien on goods for advances made to the pledgor, but delivered the goods to a purchaser from the pledgor under an agreement that such purchaser should be given notice of plaintiffs' lien at the time of the receipt of the goods, such surrender constituted an abandonment of the lien.

2. SAME—LIABILITY OF PURCHASER—IMPLIED CONTRACT.

A complaint alleged that plaintiffs had a lien on certain goods for advances made to the manufacturers under an agreement that plaintiffs would relinquish their right to possession to purchasers of the pledgor on condition that the purchaser should be given notice of plaintiffs' interest on the receipt of the goods, and that the money due should be paid only to plaintiffs; that certain of the goods were so delivered to defendants, who "accepted and retained" them with notice of plaintiffs' interest, and that the amount due was payable only to plaintiffs, for which plaintiffs sought recovery. *Held*, that such facts were sufficient to raise the question of an implied promise by defendants to pay plaintiffs, and that the complaint was therefore not demurrable for want of facts.

Ingraham and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Ernst Thalmann and others against the Capron Knitting Company. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, INGRAHAM, and LAUGHLIN, JJ.

Herbert C. Smyth, for appellant.
Frederick B. Van Vorst, for respondents.

PATTERSON, J.   This is an appeal from an interlocutory judg-
ment overruling a demurrer to the complaint.   The allegations of
that pleading are, in substance, that the plaintiffs had a lien on
goods manufactured by the J. Freeman Brown Company; that it
arose out of an agreement between the plaintiffs and that company
by which they contracted to make loans and advances to it, to be
secured by a pledge of merchandise, and the proceeds of the sale
of such merchandise, that the company was to keep with the plain-
tiffs a margin of at least 10 per cent. between the value of the mer-
chandise and other securities pledged, and the amount of its in-
debtedness at any time to the plaintiffs—any depreciation in the
value of the security to be instantly made good; that it was also
a part of the agreement, and the regular course of dealing between
the plaintiffs and the J. Freeman Brown Company, that the plain-
tiffs would authorize and permit the said J. Freeman Brown Com-
pany to deliver from time to time to purchasers and customers of
that company merchandise pledged under the agreement with the
plaintiffs, but the plaintiffs consented to such deliveries and the re-
linquishment of their right to the possession of the merchandise
on the sole condition that every purchaser from the J. Freeman
Brown Company receiving merchandise should be given notice at
or about the time of the receipt thereof that the plaintiffs had an
interest therein or lien thereon, and that the money due therefor
was payable only to the plaintiffs.   The plaintiffs then set forth in
the complaint that at a time specified the J. Freeman Brown Com-
pany was largely indebted to them in excess of merchandise and
other securities, and that there was included in the merchandise
which had been pledged to them a quantity of cotton yarn and
cloth, which they (the plaintiffs) authorized and permitted the J.
Freeman Brown Company to deliver to the defendant, according to
the regular course of dealing between the plaintiff and the J. Free-
man Brown Company.   And the following allegation is then made,
viz.:

"And the plaintiffs allege, on information and belief, that the aforesaid
cotton yarn and cloth was delivered to the defendants, and accepted and re-
tained by them, with notice that the plaintiffs had a lien thereon or interest
therein, and that the amount due therefor was payable only to the plaintiffs."

The complaint states a cause of action.   It shows that the plain-
tiffs abandoned their lien by allowing the goods to be delivered to
the defendants, who accepted them with notice and knowledge that
the plaintiffs were entitled to the money to be paid therefor.   The
basis of the claim is an implied promise of the defendant to pay.
It is not charged as an express promise, but all the facts are set
forth from which a promise, in law, would be implied, for it is to be
inferred from the allegation that the goods were accepted with
knowledge of the plaintiffs' relation to them, and with knowledge

of the fact that the proceeds of the goods were to be paid to the plaintiffs. The plaintiffs are not entitled to the possession of the goods, but, under the allegations of the complaint, they are entitled to the value of them, or the amount for which they were sold by the J. Freeman Brown Company to the defendant. Implied contracts are such as reason and justice dictate, and which the law therefore presumes that every man undertakes to perform. 2 Bl. Com. 443.

The interlocutory judgment should be affirmed, with costs, with leave to the defendant to withdraw demurrer and to answer within 20 days on payment of costs in this court and in the court below.

VAN BRUNT, P. J., and LAUGHLIN, J., concur.

INGRAHAM, J. I do not concur with Mr. Justice PATTERSON. This cause of action is based upon an allegation that, by an agreement between the plaintiffs and the J. Freeman Brown Company, the plaintiffs made loans and advances to the corporation, to be secured by the hypothecation and pledge of certain merchandise, and the proceeds of the sale thereof, the corporation agreeing to keep and maintain a margin of at least 10 per cent. between the value of the merchandise and other securities hypothecated and pledged by it and the amount of its indebtedness at any time to the plaintiffs; that it was a part of the agreement for the plaintiffs to authorize and permit the corporation to deliver from time to time to purchasers and customers of its own the merchandise hypothecated and pledged to the plaintiffs under the said agreement, but the plaintiffs consented to such deliveries, and the relinquishment of their right to the possession of the said merchandise, upon the condition that every purchaser from the J. Freeman Brown Company receiving merchandise previously hypothecated and pledged to the plaintiffs should be given notice at or about the time of the receipt thereof, and that the plaintiffs had an interest therein or lien thereon, and that the money due therefor was payable only to the plaintiffs (there is no allegation that this merchandise was actually delivered to the plaintiffs, or that their lien thereon was anything but an agreement by the corporation that its merchandise should be subject to a lien in favor of the plaintiffs for the amount of the advances that the plaintiffs had made); that prior to the 7th day of December, 1903, the plaintiffs had made large loans and advances to the corporation, and on that day a petition in bankruptcy was filed against the company; that at the date of filing that petition the corporation was indebted to the plaintiffs in excess of the merchandise and other securities held by the plaintiffs as security for said indebtedness, and that there was included in said merchandise hypothecated and pledged to the plaintiffs certain cotton yarns and cloth, particularly described in the complaint; that the plaintiffs authorized and permitted the corporation to deliver such cotton yarns and cloth according to the practice and regular course of dealing under the agreement alleged; that the aforesaid cotton yarns and cloth was delivered to the defendants,

and accepted and retained by them, with notice that the plaintiffs had a lien thereon or interest therein, and that the amount due therefor was payable only to the plaintiffs.   Then follows an allegation that the cotton yarn and cloth was of the "agreed value" of $46,720.17, and that by reason of the premises the defendants had promised and agreed to pay that sum to the plaintiffs.   There is no allegation that the defendants promised to pay to the corporation or to any one else the alleged value of these goods, or any promise by the defendants, made either to the plaintiffs or the corporation, to pay anything for the goods, except the implied promise which it is claimed arose because of the facts stated.   The plaintiffs having some sort of a lien on this merchandise, if it was alleged that the goods had been sold by the corporation to the defendant, and that in consideration thereof the defendants had by express promise agreed to pay the consideration for the sale of the goods to the plaintiffs, the plaintiffs would be entitled to recover the amount that the defendants had expressly promised to pay to them, under the principle established in Lawrence v. Fox, 20 N. Y. 268.   The plaintiffs rely upon McLachlin v. Brett, 105 N. Y. 391, 12 N. E. 17; but in that case the merchandise, to recover the value of which the action was brought, never belonged to Hall & Co., who had shipped the goods to the defendant, and notice was given to the defendants before they received the goods that Hall & Co. were not the owners of the goods that they were shipping to the defendant in pursuance of a contract which they had made for the sale of goods of a like character.   Here the goods belonged to the corporation that delivered them to the defendants, but the terms upon which these goods were delivered are not set forth.   Whether the corporation sold the goods to the defendant, or delivered them for safekeeping, is not disclosed, but the delivery was with the consent of the plaintiffs; the agreement, however, between the corporation and the plaintiffs, being that the plaintiffs would be entitled to the moneys realized upon the sale of the goods.   There is nothing, however, to show that notice of this agreement was given to the defendants.   I do not think that the mere fact that the defendants had notice that the plaintiffs had had a lien upon the goods raised an implied promise of the defendants to pay the plaintiffs the value of the goods delivered, when they were delivered to the defendant with the express assent of the plaintiffs.   Whatever lien the plaintiffs had upon the goods was lost by a delivery of the goods to the defendant with the consent of the plaintiffs, and there is no allegation that the defendants were notified of any agreement between the corporation and the plaintiffs by which the amount that the defendants were to pay for the goods was to be payable to the plaintiffs.

I think, therefore, that the demurrer should have been sustained.

McLAUGHLIN, J. (dissenting).   I concur in the opinion of Mr. Justice INGRAHAM in so far as he holds that the complaint does not state facts sufficient to constitute a cause of action, but, upon the facts alleged, I think the lien survived the delivery to J. Free-

man Brown Company to the defendant. This, however, does not enable the plaintiffs to maintain an action at law to recover the purchase price. All they can do, so far as the defendant is concerned, is to enforce the lien, and the facts stated are insufficient for that purpose.

The demurrer should have been sustained.