FRAZIER *v.* POINDEXTER.

Opinion delivered March 24, 1906.

1. AGENCY—UNDISCLOSED PRINCIPAL—SETOFF.—Where an undisclosed principal sues on a contract made by his agent in his own name with some person who had no knowledge of the agency, but supposed that the agent dealt for himself, such suit is subject to any defense or setoff acquired by the defendant against the agent before he had notice of the principal's rights; and this rule applies not only to sales of goods, but also to other contracts where the agent is authorized to collect money for an undisclosed principal. (Page 244.)

2. SAME—DISCLOSED PRINCIPAL—SETOFF.—If a party who deals with an agent, acting in his own name, knows or has reason to believe that he is dealing with an agent, though he does not know who the principal is, he can not plead against the principal a defense or setoff acquired by him against the agent. (Page 245.)

3. SAME—WAIVER OF SETOFF.—Where an agent accepted notes for collection under an agreement that he would pay the money, when collected, over to a third party, he has no right to use it as a setoff against a demand due him from his principal. (Page 245.)

Appeal from Ouachita Circuit Court; *Charles W. Smith,* Judge; reversed.

## STATEMENT BY THE COURT.

This is an action brought by N. F. Frazier, appellant, against E. S. Poindexter, appellee, on account to recover money alleged to have been collected by the defendant upon certain promissory notes delivered to him by one J. W. Ferguson as agent of plaintiff.

Frazier lived at El Dorado, Kansas, and owned a lot of horses which he placed for sale in the hands of Ferguson, who was engaged in the business of buying and selling horses in Arkansas. Ferguson sold the horses for Frazier in Miller County, this State, taking notes for the purchase price in his own name. He delivered these notes to Frazier, who subsequently returned them to him (Ferguson) for collection. There is a conflict in the testimony concerning the indorsements on the notes. Frazier and Ferguson both testified that they were assigned to the former by written indorsements on the back of each note, whilst Poindexter testified that Ferguson indorsed them in blank.

Ferguson sent the notes for collection by mail to Poindexter, who was at the time an employee of Ferguson's on a stated salary, assisting him in buying and selling horses and cattle, making collections, etc. Ferguson testified that he directed Poindexter to remit the money when collected to Frazier. Poindexter testified that Ferguson instructed him to remit to Frazier any amount left in his hands after making expenditures directed by him (Ferguson). He collected $552.75 on the notes and remitted $325 to Frazier, promising to remit the balance soon, but subsequently he refused to pay the balance of $227.75 to Frazier, upon the alleged ground that Ferguson owed him more than that amount on account, and claimed that he had collected the money for Ferguson under the belief that the notes belonged to the latter and without any information that Frazier owned the notes. He claimed in his testimony at the trial that he knew Frazier to be a banker at El Dorado, Kansas, and supposed that Ferguson directed the remittance to be made to him because he (Ferguson) was indebted to Frazier.

In his answer, Poindexter set forth the above as a defense and pleaded his account against Ferguson as a setoff. He also alleged that, under the belief that Ferguson owned the horses and notes, he expended large sums, by direction of Ferguson,

in feeding and taking care of the horses, and that he was directed to pay therefor out of the said funds collected.

A trial before a jury upon the issues thus presented resulted in a verdict for the defendant, and the plaintiff appealed.

*Smead & Powell* and *Campbell & Stevenson,* for appellant.

1. Where one deals with an agent, knowing the agency, he can not set off a claim due him from the agent as against a debt due the principal. 3 Branch, 193, 204; 3 Ill. App. 144; 1 La. Ann. 220; 2 John. Cas. 327; 51 Barb. 339; 114 E. C. L. 467. If appellee had the means of knowing, though he had not been expressly told, that he was dealing with an agent, he can not set off a debt due him from the agent, as against the principal. 2 Am. Lead. Cas. (5 Ed.), 108; 51 Barb. 344; 50 Ark. 380.

2. The court erred in modifying the first, third, fourth and fifth instructions asked for by plaintiff and in giving same as modified.

3. The court erred in refusing the fourth and fifth instructions asked for by plaintiff.

McCULLOCH, J., (after stating the facts.) Appellant asked the court to give the following instructions:

"1. The court instructs the jury that if you find from the evidence in this case that the notes from which the money was collected were made payable to J. W. Ferguson or order, and that the said J. W. Ferguson, for value, before they were due, transferred said notes to Frazier, and that said notes were received from Frazier for collection by Ferguson, and delivered to defendant, and he collected same, and failed to remit said money, then your verdict must be for plaintiff, for the amount he has received for Frazier and has not remitted."

But the court, over the objection of appellant, added to said instruction the following: "if the defendant knew Frazier was the owner of the notes, or was in possession of facts that would place a reasonable person on inquiry as to the ownership."

Appellant also asked the court to give the following instruction, which the court, over his objection, modified by inserting the words in italics:

"3. The court instructs the jury that if you find from the evidence in this case that the notes were the property of the

plaintiff, and the defendant collected the same agreeing to remit the amount so collected to plaintiff, *and knowing the plaintiff to be the owner of the notes,* then your verdict should be for the plaintiff the amount collected less the amount remitted, though you may further find that the said Ferguson is or is not indebted to the said Poindexter."

The court refused to give the following instruction asked by appellant:

"4.   The court instructs the jury that J. W. Ferguson is not a party to this suit; and if you find from the evidence in this case that these notes were taken in the name of J. W. Ferguson, and by Ferguson transferred to the plaintiff by writing his name on the back of said notes for value, and by Frazier were delivered to Ferguson, and by him delivered to defendant for collection for account of Frazier, and the defendant accepted said notes for collection for plaintiff and collected same, then your verdict should be for the plaintiff in the amount collected, less amount remitted, though you may further find that the witness Ferguson is or is not indebted to the defendant."

The court erred in refusing the fourth instruction asked by appellant. That instruction contained a recital of facts which, if they were found to be true, were sufficient to put appellee upon notice that the notes belonged to appellant, and he could not under those circumstances claim a set-off against the money collected thereon.   It was undisputed, under the testimony, that the notes belonged to appellant.   If, therefore, they were taken in the name of Ferguson, but transferred to appellant by written indorsement, and appellee accepted them for collection for appellant, he was bound to take notice of the latter's ownership, and account for the money collected.   He could not apply it on a debt due him by Ferguson.   This instruction was not covered by the first instruction asked by appellant and modified by the court.   The latter did not embrace the facts stated in the former that the assignment of the notes was in writing, so that appellee was bound to take notice of it, nor that he accepted the notes for collection for appellant.

It is undoubtedly the law that where an undisclosed principal sues on a contract made by his agent in his own name with some person who had no knowledge of an agency, but supposed

that the agent dealt for himself, such suit is subject to any defense or set-off acquired by the third party against the agent before he had notice of the principal's rights.   2 Clark & Skyles on Agency, § 537; Tiffany on Agency, p. 311; *George* v. *Clagett,* 7 Term R. 359; *Rabone* v. *Williams, Id.* 360; *Belfield* v. *National Supply Co.,* 189 Pa. 189; *Sullivan* v. *Shailor,* 70 Conn. 733; *Buchanan* v. *Cleveland Linseed Oil Co.,* 91 Fed. 88.

And this rule applies not only to sale of goods, but as well to other contracts where the agent is authorized to collect money for his undisclosed principal.   Tiffany on Agency, p. 311; *Montague* v. *Forward,* 2 Q. B. (1893), 351.

But if the party who dealt with the agent, acting in his own name, knew or had reason to believe that he was dealing with one who was an agent for some third person, he can not successfully plead such defense or set-off.   He must, in order to be protected, be innocent of any knowledge or of facts and circumstances which would put a reasonably prudent person on inquiry that he was dealing with an agent.   Where he knows that the party he is dealing with is an agent, although he does not know who the principal is, he is not protected. *Quinn* v. *Sewell,* 50 Ark. 380; *Baxter* v. *Sherman,* 73 Minn. 434; *Semenza* v. *Brinsley,* 114 E. C. L. 467; *George* v. *Clagett, supra; Bliss* v. *Bliss,* 7 Bosw. 344.

The third instruction asked by appellant should have been given, and the court erred in modifying it.   If the defendant accepted the notes for collection under an agreement that he would pay the money when collected over to plaintiff, he had no right to apply it to his own debt, and to refuse to pay it to plaintiff, even though he had no information of Ferguson's agency and believed that the notes belonged to Ferguson.

"The right of setoff, recoupment and counterclaim in actions at law between principal and agent is," says Mr. Mechem, "governed ordinarily by the same rules that apply in other cases.   This right, however, may be waived by contract, express or implied, and it can not be insisted upon where its enforcement would result in a violation of the agent's duty to his principal.   The receipt of money by an agent to be applied to a specific purpose imposes upon him the duty not to apply it to another and different purpose.   He can not, therefore, apply it to his own use by using as a setoff against it a demand due him from his principal."

Mechem on Agency, § 535; I Clark & Skyles on Agency, § 427; *Tagg* v. *Bowman,* 108 Pa. St. 273.

The same rule would undoubtedly apply where suit is brought by an undisclosed principal; for, if the defendant could not have claimed the right of set-off against his own principal, he could not do so against the undisclosed principal of an agent with whom he dealt as principal.

There was abundant evidence to base the instruction upon as asked by appellant. Ferguson testified that when he sent the notes to Poindexter for collection he instructed him to remit the amount collected to Frazier, and he was corroborated by Frazier, who testified that Poindexter, when he made the remittance of $325, promised to send the balance in a short time. If the jury found these facts to be true, and that Ferguson did not recall that direction for the application of the funds, then the verdict should have been for the plaintiff.

The first instruction given at the request of appellee is objectionable because it imposed upon appellant the burden of showing that he had given notice to appellee of his rights, even though the jury found that there were circumstances sufficient to put him upon notice as to appellant's ownership of or interest in the notes, but this objection should have been specifically pointed out. A general objection to the instruction as a whole was not sufficient.

For the errors indicated, the judgment is reversed, and cause remanded for a new trial.