THALMANN et al. v. LEWIS et al.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

1. PLEADING—ELECTION TO STAND ON ANSWER.

Defendants will be held to have elected to stand on their answer, where evidence offered by them was excluded on the ground that neither counterclaim nor offset had been pleaded, and that the proof offered was not evidence of payment, and, though the question was presented in various forms and on a number of occasions during the trial, no motion was made to withdraw a juror or amend the answer.

**2. SAME—NECESSITY OF PLEADING COUNTERCLAIM.**

Under the answer, in an action for the price of goods sold by B. to defendants, there having been an equitable assignment of the chose of action to plaintiffs, that defendants, with plaintiffs' knowledge and consent, paid to B. all money owing it by defendants, and since then have not been indebted to plaintiffs or B., defendants cannot prove return of certain goods to B., a claim for damages for nondelivery under their contract with B., and the sending by them to B. of a check, never presented for payment, for the amount claimed by defendants to be the difference between the price of the goods received by them and sued for and the two claims against B. asserted by them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 287.]

Ingraham, J., dissenting.

Appeal from Trial Term.

Action by Ernst Thalmann and others, partners, as Ladenburg, Thalmann & Co., against Ladd J. Lewis, Jr., and another, partners as the Lewis Knitting Company. From a judgment on a verdict directed for plaintiffs, and from an order denying a motion for new trial, defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

Beardsley & Hemmens (Charles I. Taylor and Henry J. Hemmens, of counsel), for appellants.

Underwood, Van Vorst & Hoyt (J. Markham Marshall, of counsel), for respondents.

CLARKE, J. The complaint is substantially similar to the complaint in Thalmann v. Capron Knitting Co., 100 App. Div. 247, 91 N. Y. Supp. 520, affirmed 182 N. Y. 525, 74 N. E. 1126, where it was held to state a cause of action. In the case of Thalmann v. Giles, 116 App. Div. 437, 101 N. Y. Supp. 980, upon a similar complaint, this court reversed a judgment entered upon a verdict directed by the court after a trial. It was there pointed out that in the Capron Case, which arose upon demurrer, all the facts pleaded were admitted, and that those facts constituted a cause of action. In the Giles Case the plaintiff failed to prove all of the facts pleaded, among others, the terms of the agreement between the Brown Company and the plaintiffs, or that defendants knew of the terms of that agreement, or that plaintiffs had made loans and advances to said company. The complaint in the Giles Case also failed to allege a lien, as did the complaint in the Capron Case, and as does the complaint in the case at bar. The answer in the Giles Case set up a counterclaim as against the Brown Company. It was upon that record that this court said:

"Upon the proof here it seems to me there is at best a mere equitable assignment of a chose in action. Under such circumstances the defendants had a right to prove their counterclaim as against the Brown Company."

It was also held that the plaintiffs had abandoned the theory of their complaint and relied upon a direct transaction between themselves and the defendants, a sale to the defendants by plaintiffs of goods, and for those reasons the judgment was reversed. In the case

at bar the plaintiffs proved the terms of their agreement with Brown &
Co., and also that they had made advances upon the faith of the bills
and invoices offered in evidence at the trial. The answer did not al-
lege a counterclaim. It did allege for a separate defense that:

"Previous to the commencement of this action, and previous to the time
when the James Freeman Brown Company went into bankruptcy, said defend-
ants paid to said James Freeman Brown Company all sums of money owing
to it by the defendants herein, with the knowledge and consent of the plain-
tiffs herein, and that since said date the defendants have not been indebted to
the plaintiffs herein, or to the said James Freeman Brown Company, in any
sum of money whatever."

The plaintiffs having proved the sum of $2,595.54 as the amount
due, the defendants attempted to prove, under their defense of pay-
ment, a return of certain goods to the Brown Company, a claim for
damages for nondelivery under their contract with the Brown Com-
pany, and the sending of a check to the Brown Company for some
$269, claimed by them to be the difference between the goods proved ·
to have been received by them and sued for in this case and the two
claims against the Brown Company which they asserted. This check
had never been presented for payment. This evidence was excluded
by the learned court upon the ground that neither counterclaim nor
offset had been pleaded and that the proof offered was not evidence of
payment. The question was presented in various forms and upon
a number of occasions upon the trial, and no motion was made by the
defendants to withdraw a juror or to amend their answer. It must
be held, therefore, that they elected to stand upon their answer. Un-
der that answer the evidence was properly excluded, and their fail-
ure to allege a counterclaim or to move for leave to amend when the
matter was sharply called to their attention upon the trial entirely
differentiates this case from the Giles Case, supra.

It follows, therefore, that the judgment and order should be affirmed,
with costs to the respondents. All concur, except INGRAHAM, J.,
who dissents.