DARLING-SINGER LUMBER CO. *vs.* COMMONWEALTH & others.

Suffolk.   May 16, 1934. — April 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Equity Jurisdiction*, Retention of suit to do complete justice among the parties. *Agency*, Undisclosed principal. *Payment. Notice.*

Although one, who had sold materials to a contractor constructing a public work for the Commonwealth and who had brought a petition under G. L. (Ter. Ed.) c. 30, § 39, to obtain the benefit of the security furnished by the contractor as required by that statute, failed to establish his right thereto, the case might be retained to establish the rights of the materialman against the contractor.

A principal may sue upon a contract not under seal made by his agent purporting to be the principal and not disclosing the agency.

One who has bought goods from an agent acting in behalf of an undisclosed principal makes payment therefor to the agent at his own risk after receiving notice of the agency.

After one purporting to be a principal, but in fact acting as agent for an undisclosed principal in Oregon, had sold in this Commonwealth lumber to be shipped from the Pacific coast consigned to the purchaser, the purchaser was put on notice of the agency when he received the bill of lading under which the lumber was so shipped, accompanied by an invoice showing the principal as the seller and by a notice to the effect that the principal had assigned the invoice and that the assignee demanded payment thereof, notwithstanding that the purchaser failed to understand the legal significance of such documents and that the agent had told the purchaser that he had a western mill or office from which the lumber would be shipped.

PETITION, filed in the Superior Court on February 25, 1932, and afterwards amended, against the Commonwealth, Attillio Daddario, and Detroit Fidelity and Surety Company.

The petition was heard by *Williams*, J. Material findings by him and an exception saved by the plaintiff are

described in the opinion. By order of the judge, a final decree dismissing the petition was entered. The plaintiff appealed and alleged an exception.

*J. G. Bryer*, for the plaintiff.

*R. B. Brooks*, for the defendants Daddario and another, submitted a brief.

RUGG, C.J. This is a petition under G. L. (Ter. Ed.) c. 30, § 39, and c. 258, to enforce a lien for the collection of the price of lumber furnished to Attillio D. Daddario, hereafter called the defendant, who used it pursuant to two contracts with the Commonwealth for the construction of sections of the Metropolitan sewer. Although not strictly a proceeding in equity, the practice in general follows that prevailing in equity. The trial judge, without request so far as appears, filed a report of his findings of fact. This is part of the record and may be made the basis of decision. *Cohen* v. *Nagle*, 190 Mass. 4. The trial judge found that there had not been compliance with the requirements of the governing statute as to notice as basis for filing a lien, and that the plaintiff had not established any lien under either contract for a definite sum of money. Those findings are not now controverted. It has not been argued that there was error in dismissing the petition as to the Commonwealth and the Detroit Fidelity and Surety Company. Nevertheless, the case may be retained to establish the rights of the plaintiff, if any, against the defendant. *Peerless Unit Ventilation Co. Inc.* v. *D'Amore Construction Co.* 283 Mass. 121, 125–126. *Claycraft Co.* v. *John Bowen Co.* 287 Mass. 255.

The facts pertinent to the grounds of this decision are these: On November 3, 1930, the defendant purchased from one A. C. Place, doing business in Boston as the Place Lumber Company, fifty thousand feet of fir plank to be shipped from the Pacific coast, to be consigned to the defendant and to be delivered at site of job by Place. On April 24, 1931, the defendant purchased on similar terms twenty-five thousand feet of plank. In fact, Place was acting as agent for the plaintiff, Darling-Singer Lumber Co. of Portland, Oregon. He was authorized by it to

sell lumber on commission and had been notified to have
purchasers remit directly to F. P. Gram Co., Inc., of said
Portland, to which corporation at that time the plaintiff
was assigning its accounts receivable. Place, in conduct-
ing his business in Boston, used his own stationery, memo-
randa of sales, and held himself out to the defendant as
conducting business on his own account. Place solicited the
orders for this lumber from the defendant and the defend-
ant believed and had every reason for believing that he
was dealing with Place as principal. The defendant knew
that the lumber was to be shipped from the Pacific coast,
but was told that it was being shipped from Place's west-
ern office in Portland or from a mill. The bill of lading
for the first shipment of lumber was sent to the defendant
and received by him; he presented it and paid the freight
charges. This lumber was delivered by Place at the loca-
tion indicated by the defendant. Accompanying the bill
of lading was an invoice on the letterhead of Darling-
Singer Lumber Co., Portland, Oregon. Also accompany-
ing the invoice and bill of lading was a notice headed
from F. P. Gram Co., Inc., reading "We enclose here-
with duly assigned to us invoice and bill of lading cover-
ing cars containing lumber sold and shipped to you by
Darling-Singer Lumber Company amounting to $1,459.36.
We are entitled to the proceeds under this assignment and
look to you for payment of the same. Please remit directly
to us." On the invoice was typed what purported to be
an assignment of the within account by Darling-Singer
Lumber Co. to F. P. Gram Co., Inc. Similar papers were
received by the defendant in reference to the second ship-
ment. The defendant has paid Place in full for all this
lumber shipped by the plaintiff and has paid all freight
charges. Place deposited the checks thus received to his
own credit and has not accounted for them to the plaintiff.
In making these payments to Place, the defendant acted
entirely in good faith. He regarded Place as the only one
with whom he had contracted and the only one to whom he
owed any obligation of payment. He failed to understand
the legal significance of the documents mailed to him by

F. P. Gram Co., Inc. The plaintiff in fact was the owner of the lumber and had assigned to F. P. Gram Co., Inc., the two accounts on the dates set forth on the two invoices. On August 10, 1931, F. P. Gram Co., Inc., reassigned both accounts to the plaintiff. The trial judge found, "under the facts herein set forth," that the payments by the defendant to Place constituted payments of the accounts for which this petition was brought and denied a ruling to the contrary, requested by the plaintiff, subject to its exception. A final decree was entered dismissing the bill as to the defendant, with costs. The plaintiff appealed.

The question to be decided is whether the facts found warranted the ultimate finding in favor of the defendant. That ultimate finding is based in express terms on the facts set forth in the findings. The evidence is not reported and the facts found must be accepted as true.

The plaintiff was the undisclosed principal of Place in the sales of lumber to the defendant. Although Place purported to act as principal, he was in fact the agent for the plaintiff in making those sales. An undisclosed principal may sue on a simple contract not under seal made by his agent even though the agent appeared as principal in the transaction without disclosing his agency. *Kelley* v. *Munson,* 7 Mass. 319, 324. *Roosevelt* v. *Doherty,* 129 Mass. 301, 302. *Foster* v. *Graham,* 166 Mass. 202, 205. *Capitol Amusement Co.* v. *Gallagher,* 268 Mass. 321, 323. *Ritson* v. *Atlas Assurance Co. Ltd.* 272 Mass. 73, 75. This rule is equally applicable to foreign and domestic principals. *Barry* v. *Page,* 10 Gray, 398, 399. When property is sold by an agent purporting to act as principal but in truth as agent for an undisclosed principal, if before payment the undisclosed principal gives notice to the purchaser to pay to him and not to the agent, the purchaser is bound to pay the principal subject to any equities of the purchaser against the agent. *Huntington* v. *Knox,* 7 Cush. 371, 373–374. *Byington* v. *Simpson,* 134 Mass. 169. Am. Law Inst. Restatement: Agency, § 302. The purchaser, however, is protected in making payment to the agent at any time previous to notice of the agency, but not in making payment

after notice of the agency. Am. Law Inst. Restatement: Agency, § 307 (1c) (2). Difficulty may arise in determining under what circumstances the purchaser has notice of the agency so that thereafter at his own risk he pays the agent, and whether such notice means actual knowledge or reasonable cause to know. See *Deane* v. *American Glue Co.* 200 Mass. 459, 464. *McLachlin* v. *Brett*, 105 N. Y. 391, 397. *Kornemann* v. *Monaghan*, 24 Mich. 36. *Baxter* v. *Sherman*, 73 Minn. 434. *Tuttle* v. *Green*, 10 Vt. 62. *Frazier* v. *Poindexter*, 78 Ark. 241, 244–245. *Greer* v. *Downs Supply Co.* [1927] 2 K. B. 28. That point need not here be determined.

In the case at bar it does not appear that the defendant had had previous dealings with Place or the plaintiff. The bill of lading was in the name of the defendant and not of Place. The invoice was sent to the defendant. Although its terms are not set out in the record, the necessary inference is that it was in the name of the plaintiff as seller to the defendant as buyer. The invoice and bill of lading thus indicating the plaintiff as seller were accompanied by notice from F. P. Gram Co., Inc., as assignee of the invoice demanding payment for the lumber. This was express notice to the effect that the plaintiff was principal in the sale. It was given to the defendant before payment by him to Place. The question of reasonable cause to know that the plaintiff was principal in the transaction does not arise because the notice was direct and unequivocal. The circumstance that Place had told the defendant that he had a western mill or office from which the lumber would be shipped does not dull the effect of the notice. The documents sent by F. P. Gram Co., Inc., were unmistakable in their import that the plaintiff was the seller of the lumber and had assigned to F. P. Gram Co., Inc., the amount due for such lumber, and that payment must be made to F. P. Gram Co., Inc., alone. That the defendant failed to understand them does not exonerate him from the legal effect upon him of the terms of those documents. *Costello* v. *Hayes*, 249 Mass. 349, 356. *Henderson* v. *Canadian Pacific Railway*, 258 Mass. 372, 376.

The result is that upon the facts found the decree in favor of the defendant could not rightly have been entered. The plaintiff was entitled to prevail. The exceptions are sustained and the decree is reversed. A decree is to be entered in favor of the plaintiff, but without costs.

*Ordered accordingly.*