Horgan, J.
Introduction
Plaintiff-Appellant The Gem Group, Inc. (the “Plaintiff’) brought this action against the Defendant-Appellee J.C. Penney Company, Inc. (“J.C. Penney”) and Darren Mason d/b/a The Ad Cafe (“Mason”) to recover the value of certain advertising services provided to J.C. Penney. The Plaintiff brought claims against J.C. Penney for both breach of contract and quantum meruit. J.C. Penney subsequently filed a motion for summary judgment, seeking dismissal of the breach of contract and quantum meruit claims. The trial judge allowed J.C. Penney’s motion on November 26, 1997. The Plaintiff now appeals from the allowance of that motion.
We agree with the trial judge’s grant of summary judgment in favor of J.C. Penney and affirm the judgment.
Background
The relevant background information is as follows. The Plaintiff brought claims against J.C. Penney for both breach of contract and quantum meruit, alleging that it provided commercial advertising services to J.C. Penney for which J.C. Penney did not pay. J.C. Penney denied the claims, asserting that it had fully paid for the services. In its motion for summary judgment, J.C. Penney argued that its contract for services was with Mason individually and that it paid all amounts owed for the services directly to Mason. In the alternative, J.C. Penney argued that even if it was bound to pay the Plaintiff for the services, its payment to Mason satisfied that obligation because Mason was the Plaintiff’s authorized agent.
In opposing J.C. Penney’s motion for summary judgment, the Plaintiff provided a statement of disputed facts. The Plaintiff asserted, among other things, that J.C. Penney did not contract with Mason individually and that Mason rendered services to J.C. Penney in his capacity as an employee of the Plaintiff.
Discussion
Summary Judgment Standard
The standard of appellate review of a grant of summary judgment is whether, “viewing the evidence in the light most favorable to the non-moving party, all material facts have been established and the moving party is entitled to judgment as a matter of law.” Augut, Inc. v. Liberty Mutual Ins. Co., 410 Mass. 117, 120 (1991). An order granting summary judgment will be affirmed if certain factors converge to convince the appellate court that the trial judge was ruling in the case *136 on undisputed facts and that the ruling was correct as a matter of law. Community Nat'l Bank v. Dawes, 369 Mass. 550, 556 (1976); see Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass R. Civ. P., Rule 56(c), 365 Mass. 824 (1974). The moving party assumes the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). If the moving party establishes the absence of a triable issue, the opposing party must respond and allege specific facts that would establish the existence of a genuine issue of material fact for trial. Id.; Mass R. Civ. P., Rule 56 (e), 365 Mass. 825 (1974). Although the material supplied by the moving party in support of its motion need not disprove an essential element of the claim of the party on whom the burden of proof at trial will rest, it must demonstrate that proof of that element at trial is unlikely to be forthcoming. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991). Once the defendant meets its burden, the burden shifts to the plaintiff to demonstrate with admissible evidence the existence of a dispute as to material facts. Id. at 711.
Breach of Contract Claim
The Plaintiff argues that there are disputed issues of material fact with respect to whether the contract in question was between J.C. Penney and Mason in his individual capacity or between J.C. Penney and Mason in his capacity as an employee of the Plaintiff. J.C. Penney argues persuasively, however, that the record removes any genuine dispute as to the identity of the contracting parties. The' evidence presented in the summary judgment record establishes that J.C. Penney contracted directly with Mason for the advertising services. The affidavit of J.C. Penney’s Special Segment Advertising Manager establishes that he dealt solely and directly with Mason in contracting for the advertising services. The Plaintiff does not controvert this fact with any evidence that J.C. Penney ever had dealings with any of Plaintiffs other employees or that Mason ever indicated to J.C. Penney that he was providing services on behalf of the Plaintiff. Any employment relationship that may have existed between Mason and the Plaintiff is irrelevant because the undisputed evidence is that J.C. Penney had no knowledge of any such arrangement. Because J.C. Penney contracted with Mason with no knowledge that Mason may have been acting as the Plaintiff’s agent, the Plaintiff cannot now hold J.C. Penney liable for breach of a contract that J.C. Penney did not know existed. Deane v. American Glue Co., 200 Mass. 459, 463 (1909). J.C. Penney had no notice of the agency between Mason and the Plaintiff and is therefore protected in maldng payment to Mason. Darling-Singer Lumber Co. v. Commonwealth, 290 Mass. 488, 491-92 (1935).
Further, even if Mason was acting as the Plaintiffs agent in establishing a contractual relationship between the Plaintiff and J.C. Penney with full disclosure of this fact to J.C. Penney, the Plaintiff has not presented any facts on the summary judgment record to prove that J.C. Penney breached such contract. If the Plaintiff conferred upon Mason the authority to enter into a binding contract with J.C. Penney on the Plaintiffs behalf, the Plaintiff cannot now argue that Mason was not authorized to accept payment from J.C. Penney under the contract. Linkage Corp. v. Trustees of Boston Univ., 425 Mass. 1, 16 (1997). A person dealing with the agent of another who has no knowledge of any limitations on the agent’s authority has a right to rely un the agent’s authority to act on behalf of the principal. Macklin v. Macklin, 315 Mass. 451, 455-56 (1944). Assuming that Mason both contracted with J.C. Pénney on behalf of the Plaintiff and provided all of the services contemplated in the contract, Mason’s receipt of payment from J.C. Penney would be a normal and customary component of such a transaction. See Sacks v. Martin Equip. Co., 333 Mass. 274, 280 (1955).
Quantum Meruit Claim
The trial judge was also correct in granting summary judgment to J.C. Penney *137 on the Plaintiffs quantum meruit claim. In order to recover damages on a theory of quantum meruit, one party must have been unjustly enriched to the other party’s detriment. Salamon v. Terra, 394 Mass. 857, 859 (1985). J.C. Penney appropriately paid Mason for all services rendered. Thus, J.C. Penney has not been unjustly enriched, and the Plaintiff has not suffered any detriment.
Conclusion
The undisputed facts establish that Mason and J.C. Penney contracted for the advertising services and that J.C. Penney correctly rendered payment to Mason for such services. Accordingly, we affirm the trial judge’s grant of summary judgment in favor of J.C. Penney and dismiss the Plaintiff’s appeal.