E. J. BAXTER and Others v. GEORGE C. SHERMAN.

July 22, 1898.

Nos. 11,129—(229).

**Sale by Agent of Undisclosed Principal—Set-Off by Buyer.**

If the owner of goods intrusts them to an agent, with authority to sell in his own name without disclosing the name of his principal, and the agent sells in his own name to one who knows nothing of any principal, but honestly believes that the agent is selling on his own account, the purchaser may set off against the demand of the principal for the price of the goods any demand which he may have against the agent which arose before notice of the actual ownership of the goods.

**Same—Knowledge of Buyer as to Ownership.**

But this rule does not apply when the purchaser knew that the agent was not the owner of the goods, nor when circumstances were brought to his knowledge which ought to have put him upon inquiry by which, if made, he would have ascertained that the agent was not the owner.

**Same—Sale by Factor—Buyer—Buyer Put on Inquiry.**

Where the character of the selling is equivocal, as where the goods are being sold by one who the purchaser knows is engaged in business as a factor or commission merchant selling goods on account of principals who consign goods to him for that purpose, but also at the same time dealing in such goods on his own account, it is incumbent on the purchaser, if he desires to avail himself of a right of set-off, to inquire in which character the seller is acting in that particular transaction; and if

he makes no such inquiry, and makes the purchases without knowing whether the seller is acting as factor or as principal, and it turns out that he bought of an undisclosed principal, he ought not to be allowed the benefit of any set-off as against the demand of the principal for the price of his goods.

### Same—Local Custom of Factors—Weekly Clearance.

A local custom of dealers in the place where the sale is made, but unknown to the principal, to settle their accounts with each other by balancing and offsetting all outstanding bills between themselves, without regard to whether such bills are due to or from them as factors or as principals, is inoperative as to the principal, and will of itself give the purchaser no right to offset a debt due him from the agent.

Action in the municipal court for the city of Minneapolis to recover $190, the purchase price of certain goods alleged to have been sold by plaintiffs to defendant. The cause was tried before W. A. Kerr, J., without a jury, and judgment was ordered for defendant. From an order denying their motion for a new trial, plaintiffs appealed. Reversed.

*Wright & Matchan,* for appellants.

Commission merchants have no incidental authority to barter the goods of their principals, nor to pledge such goods for advances to themselves, nor to dispose of them in payment of their own debts; and the party receiving such goods in such manner will not acquire title thereto as against the principal, no matter if he be ignorant of the fact that the commission merchant is not the owner. Story, Ag. § 113; Paley, Ag. § 213; Wright v. Solomon, 19 Cal. 64; Insurance Co. v. Kiger, 103 U. S. 352; Hayes v. Campbell, 55 Cal. 421; Bott v. McCoy, 20 Ala. 578; Story, Ag. § 225; Bowie v. Napier, 1 McCord, 1; Benny v. Rhodes, 18 Mo. 147; Holton v. Smith, 7 N. H. 446; Benny v. Pegram, 18 Mo. 191. It cannot be material whether the debt was a day or a year old. Parsons v. Webb, 8 Me. 38; Hurley v. Watson, 68 Mich. 531; Victor v. Heller, 44 Wis. 265. General authority to sell means authority to sell for money. Hampton v. Moorhead, 62 Iowa, 91. Where, as in this case, the purchaser had reason to believe that the commission merchant was acting for a principal, as where he knew that the commission merchant was generally dealing as a commission merchant, no debt

óf his can be·offset in a suit brought by the principal against such purchaser to recover the purchase money. Miller v. Lea, 35 Md. 396; Ladd v. Arkell, 40 N. Y. Super. Ct. 150; Stewart v. Woodward, 50 Vt. 78; Brown v. Morris, 83 N. C. 251.

The court erred in admitting the testimony on part of defendant as to the custom existing among commission merchants at Minneapolis regarding dealings among themselves in the sale of goods and offsetting accounts. The custom was purely local, and can be operative only as to those persons who are shown to have knowledge of it. 27 Am. & Eng. Enc. 756; Rindskoff v. Barrett, 14 Iowa, 101; Bradley v. Wheeler, 44 N. Y. 495; Higgins v. Moore, 34 N. Y. 412; Coquard v. Bank, 12 Mo. App. 261. Where an agent has no authority to do a certain act by the established rules of law, usage and custom will not confer such authority as against the principal, unless it be known and assented to by the principal. Allen v. St. Louis B. E. Co., 120 U. S. 20; Merchants Ins. Co. v. Prince, 50 Minn. 53; Globe M. Co. v. Minneapolis, 44 Minn. 153; Lucke v. Yoakum, 25 Neb. 427; Farmers v. Sprague, 52 N. Y. 605; Osborne v. Nelson L. Co., 33 Minn. 285; Paine v. Smith, 33 Minn. 495; Barnard v. Kellogg, 10 Wall. 383; Com. v. Cooper, 130 Mass. 285; Day v. Holmes, 103 Mass. 306.

*S. A. Reed,* for respondent.

If defendant purchased the goods from Shea & Co. in good faith, if the goods were in their possession, and the defendant had no notice whatever as to whose goods they were, but supposed that they belonged to Shea & Co., then plaintiffs cannot recover. 2 Kent, Com. 632; 1 Parson, Cont. 53; 1 Chitty, Cont. 225; Story, Ag. § 419; Mechem, Ag. § 1043; Locke v. Lewis, 124 Mass. 1; Traub v. Milliken, 57 Me. 63; Billings v. Mason, 80 Me. 496; Kelley v. Munson, 7 Mass. 318; Roosevelt v. Doherty, 129 Mass. 301; Dean v. Plunkett, 136 Mass. 195; Pratt v. Collins, 20 Hun, 126; Huntington v. Knox, 7 Cush. 371; Lime v. Plimpton, 17 Pick. 159; Peel v. Shepherd, 58 Ga. 365; Eclipse v. Thorson, 46 Iowa, 181; Hogan v. Shorb, 24 Wend. 458.

As to the question of custom, he who employs another to act for him at a particular place or market must be taken to intend that

his business will be done according to the usage or custom of that place or market, whether in fact the principal knew of the usage or custom or not. Mechem, Ag. § 989; Dwight v. Whitney, 15 Pick. 179; Breen v. Moran, 51 Minn. 525; Clark, Cont. 580; Nippolt v. Firemens Ins. Co., 57 Minn. 275.

MITCHELL, J.

One Shea was, to the knowledge of the defendant, a commission merchant or factor, who sold, on account of the consignors, fruit and produce consigned to him by others; but at the same time he dealt on his own account in the same kind of property. The defendant was a dealer on his own account in the same city in the same kind of property. The plaintiffs were engaged in the fruit and produce business at Nauvoo, Illinois, and had for years been in the habit of shipping such property to Shea as their agent, to be by him sold on their account and to remit to them the proceeds, less his commissions. For this purpose, in August, 1896, they shipped to him a consignment of fruit. Shea sold the fruit to the defendant on August 21. There was no express agreement between Shea and the defendant for any credit, but the purchase price was not paid at the time of the delivery of the fruit, the custom of those in the trade in Minneapolis being to settle accounts between themselves once a week. On August 22, Shea and defendant had a settlement, in which the price of plaintiffs' fruit was applied upon or offset against an individual debt due from Shea to the defendant, contracted on August 18 or 19. This debt had no sort of connection with the sale of plaintiffs' fruit. On August 26, Shea, being insolvent, made an assignment for the benefit of his creditors. He has never accounted to the plaintiffs for the proceeds of their fruit, and defendant has never paid for the same unless by applying the price as above stated upon the debt which Shea owed him. Plaintiffs brought this action to recover the price of the fruit.

As factors or commission merchants may sell in their own name the goods of their principals, we shall assume, although there is no express finding to that effect, that Shea sold this fruit without disclosing the name of his principal or stating whether this property belonged to himself or to another. The evidence, as well as

the finding, is to the effect that defendant knew that, while Shea sold fruit and produce on his own account, he was also engaged in the business of selling it as factor or agent for others who consigned it to him for sale on their account. Therefore, under the circumstances, a sale by Shea in his own name to the defendant was not the equivalent of a statement that he was selling on his own account. On the contrary, it amounted only to an assurance that the fruit was either his own property or the property of some principal who had employed him to sell. With this knowledge of the equivocal relation of Shea to the property, and with actual knowledge that it had been shipped to Shea by somebody (for defendant himself took the fruit out of the car in which it had been transported from Nauvoo, and paid the railroad freight), the defendant, so far as appears, made no inquiry whatever of Shea or any one else as to whose property it was, or whether Shea was acting for himself or for a principal.

The court found that defendant had no knowledge or information of any claims of plaintiffs in or to the property until after the settlement with Shea. This may be, and probably is, technically and literally supported by the evidence, but, as will be seen hereafter, is wholly insufficient to entitle the defendant to offset his debt against Shea against plaintiffs' demand for the price of their property.

It is not important that the purchaser from a factor did not know who the principal was, if he knows, or is chargeable with notice, that the property belongs to a principal, and not to the factor. It is well settled by an almost unbroken line of authorities, from George v. Clagett, 7 Term R. 359, down, that if the owner of goods intrusts them to an agent with authority to sell in his own name, without disclosing the name of his principal, and the agent sells in his own name to one who knows nothing of any principal, but honestly believes that the agent is selling on his own account, he may set off any demand he may have on the agent against the demand for the goods made by the principal. This set-off need not exist at the time of the sale. It is sufficient if it arise before notice of the real ownership of the goods.

As applied to factors, this rule might seem at first to be incon-

sistent with the equally well-settled doctrine, so much relied on by the plaintiffs, that a factor or commission merchant has no power to pledge his principal's goods for his own benefit; that such an act is tortious and void as against the principal; and that, too, without regard to the pledgee's ignorance of the fact that the factor was not the real owner of the property. See Wright v. Solomon, 19 Cal. 64.

But both rules are equally well settled; and we apprehend that the distinguishing feature between the two is that a sale of the principal's goods in the name of the factor is within the implied actual authority of the latter, while a pledge is not. The rule referred to in the case of sale rests upon the doctrine of equitable estoppel, and is merely an application of the familiar principle that, where one of two innocent persons must suffer by the fraud of a third, the loss should fall upon him whose act or negligence enabled the third person to commit the fraud.

But this rule should not be extended beyond the reason or principle upon which it is founded. It was never intended to be so used as a shield as to make every right of the real owner subordinate to the right of a third party, dealing with the agent, to gain every possible advantage of the transaction. Hence where an agent sells in his own name for an undisclosed principal, and the principal sues the buyer for the price, the buyer cannot set off a debt due from the agent, unless in making the purchase he was induced by the conduct of the principal to believe, and did in fact believe, that the agent was selling on his own account. The rule of George v. Clagett does not obtain where the purchaser knows that the agent is not the owner of the goods, or when circumstances are brought to his knowledge which ought to have put him upon inquiry, and by investigating which he would have ascertained that the agent was not the owner. Where the character of the selling is equivocal, as in this case, and, as was known to the defendant, Shea was in the habit of selling, sometimes on his own account and sometimes as agent, it was incumbent on defendant, if he desired to avail himself of a set-off, to inquire in what character Shea was acting in that particular transaction, and if he chose to make no inquiry, and it turned out, as it did, that he bought of an undis-

closed principal, he ought not to be allowed the benefit of any set-off.

Defendant had sufficient information to advise him that it was quite as likely that Shea was acting as factor as that he was acting for himself. This was of itself enough to put him upon inquiry, not as to Shea's authority to sell, but as to his own right of set-off, if he desired to buy with a view of covering his own debt or availing himself of a set-off. Presumably, if he had inquired of Shea, he would have been informed that Shea was acting merely as agent for another. Should Shea have refused to inform him whether he was acting for himself or for a principal, defendant could have declined to make the purchase. Knowing what he did, and having entered into the transaction without inquiry, defendant could have. had no honest or reasonable belief one way or the other as to the ownership of the property; and under these circumstances he can have no right, as against the demand of the plaintiffs, to insist on a set-off, or upon the attempted application of the purchase price of their fruit on his claim against Shea.

Without attempting to cite or review the authorities on this subject, we merely refer to the notes to George v. Clagett, 2 Smith, Lead. Cas. 1359, where most of the authorities, both American and English, are referred to; and to Cooke v. Eshelby, L. R. 12 App. Cas. 271, where the subject is fully discussed and all the English cases reviewed.

Our conclusion is that the findings of fact were not sufficient to justify the conclusions of law, and that the evidence would not have justified any findings which would have entitled the defendant to prevail.

2. The defendant was permitted, under the objection and exception of the plaintiffs, to introduce evidence of a local custom in Minneapolis among those engaged in the fruit and produce business, such as Shea and defendant were engaged in, of running weekly accounts on cash sales, instead of paying spot cash on each transaction, and then making weekly payments and settlements, in which they allowed and offset against each other all bills accruing during the past week, and, in short, having a sort of weekly clearance between themselves, in which they balanced and offset all

outstanding bills between themselves, without regard to whether such bills were due to or from them as factors or principals.

This evidence was clearly immaterial and incompetent for any purpose. This so-called "custom" was an arrangement among the local dealers solely for their own convenience, which they acted on entirely in reliance upon the financial responsibility of each other. If, in the absence of any such custom, defendant would have no right to apply the price of plaintiffs' fruit on the individual debt of Shea, the custom could give him no such right; for the effect of such a custom would be to permit an agent to appropriate his principal's property to the payment of his own debt, which would be contrary to well-established principles of law as well as good morals. Therefore such custom would be void.

Moreover, no evidence was introduced or offered that plaintiffs had any knowledge of the alleged custom; and nothing is better settled than that a local custom, even if valid, is operative only in respect to those who are shown to have knowledge of it; and there can be no presumption that a stranger living in Illinois had any knowledge of a local custom in Minneapolis. It is doubtless true that, where the owner of property consigns it for sale to a factor, it is within the implied or apparent authority of the factor to conform to any general and uniform custom of the place to which the property is consigned as to the terms or conditions of sale, whether the consignor knew of the custom or not; but the custom here sought to be proved does not come within any such principle.

Order reversed, and a new trial granted.