S. G. HENDERSON ET AL. v. W. R. JOHNSON.

Decided January 11, 1900.

**1. Set-off Against Negotiable Note.**

Where defendant is sued upon a negotiable note executed by himself and transferred before maturity, he is not entitled to set off against plaintiff's demand a claim against the original payee of the note acquired by himself after the note was transferred.

**2. Set-off Must Be Specially Pleaded.**

Under the statute where a counterclaim is urged in set-off it must be specially pleaded, with averments as full, specific, and certain as in a petition on a like demand. Rev. Stats., arts. 750, 751, 1266.

**3. Set-off Against Plaintiff and Another.**

A claim which is jointly against plaintiff and another person is not available to the defendant in set-off in the absence of allegation and proof that such other person is insolvent.

**4. Estoppel.**

An estoppel must be pleaded.

APPEAL from the County Court of Brazos. Tried below before Hon. A. G. BOARD.

*W. W. Meachum, Hudson & Nall,* and *McDonald Meachum,* for appellants.

*Doremus & Butler,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought in the County Court of Brazos County, December 14, 1898, by S. G. Henderson against W. R. Johnson upon a promissory note executed by the latter to R. P. Brooks and indorsed in blank by Brooks. Nannie E. Brooks, joined by her husband Charlie Brooks, intervened in the suit. She alleged that while the note sued on had been executed and delivered to R. P. Brooks and made payable to him, it was given for property belonging to her, in which R. P. Brooks owned an interest; that he owned an interest in the note of only $100, which was paid to him by the defendant and credited upon the note about December 3, 1894, leaving the entire balance due to the intervener; and that on or about said date, and prior to the maturity of the note, Brooks indorsed the same to her in blank, after which she had borrowed from the plaintiff the sum of $40 and deposited the note with him as collateral security. She prayed that plaintiff might recover for said sum with interest, and for her use for the balance of the note. The note sued on is as follows:

"BRYAN, TEXAS, October 18, 1894.

On or before December 15, 1894, I promise to pay to R. P. Brooks, or order, for value received, three hundred and thirty dollars, with interest at the rate of ten per cent per annum from maturity until paid.

(Signed) "W. R. JOHNSON."

It had indorsed thereon, "Received December 3, 1894, one hundred dollars on note." "Pay to bearer the within note. R. P. Brooks."

In answer to the plaintiff's petition the defendant pleaded in set-off against the note a judgment which had been recovered by him against R. P. Brooks and one R. H. Harrison upon a claim which had been transferred to him by Harrison about January 1, 1895. He averred that the plaintiff acquired the note after maturity and took it subject to defendant's claim; that the consideration of the note was furniture sold to defendant by R. P. Brooks, and that at the time of the sale and the execution of the note the defendant had no notice that anyone had any interest in or claim on the property for which the note was executed, or any interest in the note. He alleged that R. P. Brooks was insolvent, but made no averment as to the solvency of Harrison. To the petition in intervention the defendant answered only by general and special exceptions and general denial. The set-off pleaded by the defendant was in amount more than sufficient to extinguish the note. The case was tried without a jury, and the defendant's counterclaim was allowed and judgment rendered in his favor.

The defendant acquired his claim after the maturity of the note, but at the time he bought the property he did not know that the intervener had any interest therein. R. P. Brooks and the intervener were joint owners of the property, and he acted for himself and as her agent in selling it. After allowing credit for the $100 paid Brooks, the amount evidenced by the balance of the note would equitably belong to the intervener. Before its maturity Brooks, in consideration of this equity, by his indorsement in blank, transferred the note to the intervener. After its maturity the note was deposited with the plaintiff as collateral security for a loan of $40. The good faith of the intervener in taking the note is not put in issue by the pleading, and there is nothing in the evidence to show a want of good faith on her part. It is contended, however ,that the defendant, having bought the property from the agent of the intervener without notiec that she was the owner thereof, has the right to set off his claim against Brooks in answer to the suit of the intervener upon the note. But the only pleading upon which this defense is sought to be availed of against the intervener is the averment in the answer to the plaintiff's petition that "the note sued on by the plaintiff was executed and given to the said R. P. Brooks for furniture sold him, and at the time of said sale and the execution of said note he had no notice that anyone had any interest or claim on said property for which said note was executed to said R. P. Brooks, or any interest in said note." To the petition of the intervener the defendant made no plea in bar except a general denial.

"When a factor dealing for a principal conceals the fact and sells and delivers goods ,in his own name, it is now a well established rule that, though the real principal may bring an action upon such contract against the purchaser, the latter may set off any claim he may have against the factor, in answer to the demand of the principal." 22 Am.

and Eng. Enc. of Law, pp. 323, 324, citing authorities. In order to en-
title the defendant to the benefits of the above rule his "plea, if special,
must show that the contract was made by a person whom the plaintiff
had intrusted with the possession of the goods; that the person sold
them as his own goods in his own name as principal, with the authority
of the plaintiff; that the defendant dealt with him as and believed him
to be the principal in the transaction, and that before the defendant
was undeceived in that respect the set-off accrued." 22 Am. and Eng.
Enc. of Law, p. 323. It has been held that the defense may be given
in evidence under the general issue. Greene v. Chickering, 10 Mo., 109;
1 Chitty Pl., 554, note s. Chitty says it may be given in evidence under
the general issue, or specially pleaded in bar. Id., p. 596. There seems
to be a distinction, though, between the case of a plea which amounts to
a general issue, and a plea which discloses matter which may be given
in evidence under the general issue. Id., p. 552, note b.

The statutes of this State, however, determine the question of plead-
ing. It is only by the statute that a counterclaim may be pleaded in
set-off. Rev. Stats., art. 750. The requisites of the plea are prescribed
in articles 751 and 1266. It must state distinctly the nature and the
several items of the counterclaim, and shall conform to the ordinary
rules of pleading. It must describe the debt with the same certainty
as in the petition on a like demand; and being a special plea, must show
by its averments the right to have the set-off allowed. This the answer
does not do. It is clearly insufficient under the rule above quoted from
the Encyclopedia of Law.

The answer also fails to show any reason for allowing the judgment
against Brooks and Harrison to be set off against the note which was the
separate demand of Brooks against the defendant. Although a pur-
chaser of property in the hands of an agent, supposed by the purchaser
to be the owner, may set off any claim he may have against the agent
in a suit against him by the principal for the purchase money, yet he
can not set off any claim he may have against such agent and other
parties jointly. Stinson v. Gould, 74 Ga., 80; Sayles' Ann. Rev. Stats.,
art. 750, note 2. The exception made in equity when the parties owning
the claim are insolvent does not obtain in this case, because there is
neither averment nor proof that Harrison is insolvent.

Even if the pleading were sufficient, and there should be no objection
to the set-off on account of its being a demand against Brooks and an-
other, still the defense is not available, because the plaintiff's demand is
a negotiable promissory note transferred before maturity to the inter-
vener for a valuable consideration before the defendant acquired the
counterclaim. Before the transfer to her, the intervener had only an
equitable interest in the note, the legal title being in R. P. Brooks. Her
equity was a valuable consideration for the transfer of the note to her,
by which she acquired the legal title thereto. The rule which would
entitle the defendant to set off a demand in his favor against the agent
of an undisclosed principal does not apply.

It is contended that the intervener is estopped by the fact that she knowingly permitted Brooks to sell the property as his own without disclosing her interest therein; but no estoppel was pleaded, nor do the facts show that any could have existed. The intervener does not seek to recover the property, and all the authorities recognize the right of the principal to sue upon the contract of the agent.

For the reasons indicated, the judgment of the court below will be reversed, and, in accordance with the prayer in the intervener's petition, judgment will be here rendered in favor of the plaintiff against the defendant for the amount of the note sued on, principal and interest, less the credit indorsed thereon, for the use of himself to the extent of the $40 owing to him by the intervener, and for the use of the intervener, Nannie E. Brooks, for the balance thereof.

*Reversed and rendered.*