WINSLOW BROS. & CO. v. L. L. STATON.

(Filed 10 March, 1909.)

1. **Principal and Agent—Undisclosed Principal—Contracts—Evidence.**

   In defense to an action brought by the principal to recover an amount credited to an agent's individual debt out of the proceeds of sale of his principal's goods, evidence is competent tending to show, with burden of proof on defendant alleging it, that at the time of the transaction the defendant understood that the one acting as agent was selling his own goods and in his own right, and that he had a place of business, with his own sign out, and that the fact of agency was unknown to him. (*Hoffman v. Kramer*, 123 N. C., 570, and that line of cases upon the principles of law applicable to brokerage, cited, discussed and distinguished by BROWN, J.)

2. **Same.**

   When a principal sues upon the contract for the price of goods sold by his agent to a third party the principal's rights are subject to the equities of the third party, when he had no knowledge at the time that he was dealing with an agent or one in a fiduciary capacity, or of such facts and circumstances as would put him on inquiry.

3. **Issues Tendered—Evidence Excluded—Appeal and Error.**

   It is not necessary on appeal for a party to have tendered an issue when all evidence relevant to it has been excluded by the trial judge.

ACTION tried before *W. R. Allen, J.,* and a jury, at November Term, 1909, of EDGECOMBE.

Certain issues were submitted to the jury, and upon the responses thereto the court rendered judgment against the defendant, who excepted and appealed.

The facts are fully stated in the opinion of the Court by *Justice Brown.*

*Gilliam & Clark* for plaintiffs.
*G. M. T. Fountain* for defendant.

BROWN, J. The findings of fact and the evidence admitted on the trial establish these facts: One J. L. Spraggins sold to the defendant three mules—two for a factory with which defendant is connected, and one for himself—at the price of $737.50. Spraggins received in full payment from defendant $500 in cash and a release in full for a debt he owed defendant amounting to $250.

The plaintiffs contend that the mules were their property; that Spraggins sold as their agent, under a written contract in evidence, and sue to recover the balance of $237.50, with interest from 7 February, 1906, the purchase price agreed upon for the brown mare mule, which amount they aver "the defendant promised and agreed to pay."

The defendant offered to prove that at the time he bought the mules he understood Spraggins to be in business for himself; that Spraggins owed him at that time more than sufficient to pay for the mule; that Spraggins agreed to let him have the mule in payment of the doctor's bill; that at the time of the sale there was a sign over the place of business where he purchased the mules, "J. L. Spraggins' Feed and Sales Stables"; that defendant did not know Spraggins was representing the plaintiffs.

The court excluded the evidence, and defendant excepted. We are of opinion that his Honor erred in excluding the evidence, as to escape a recovery against him the burden is on defendant to prove the facts alleged in his amended answer.

There is a well-defined distinction between this case and *Hoffman v. Kramer,* 123 N. C., 570, which was in line with and

followed the decision of the Supreme Court of the United States in *Warner v. Martin,* 52 U. S., 209. In both cases the goods were consigned to "factors," a term of well-known commercial significance, and applied to a class of mercantile agents whose sole business is to sell merchandise consigned to them on a commission called "factorage." They hold themselves out to the business world as such, and those who deal with them are fixed with knowledge of their calling and know that they act as the agents of others, and whatever is out of the "usual course of trade" must put their customers upon notice.

It is an "independent calling" and universally recognized as such. Black's Law Dictionary. When one who pursues such calling sells goods for a customer and takes his own antecedent debt in payment, it is treated as no sale, for "it is a departure from the usage of trade, as well known by the creditor as it is by the factor, and therefore it is immaterial that the creditor believed the factor owned the goods himself." *Warner v. Martin,* 52 U. S., 209.

It was at first held in England, before Lord Mansfield's time, that those who dealt with recognized factors were not put upon notice by the character of their calling, for we find in a note to the case of *Radbone v. Williams,* 7 Dumf. and E. Term Reports, 360, that great judge quoted as saying: "Where a factor, dealing for a principal, but concealing the principal, delivers goods in his own name, the person contracting with him has the right to consider him, to all intents and purposes, as the principal; and though the real principal may appear and bring an action upon that contract against the purchaser of the goods, yet the purchaser may set-off any claim he may have against the factor in answer to the demand of the principal. This has been well settled." To the same effect is *George v. Clagett,* 3 Smith Leading Cases, 189. Afterwards a distinction seems to have been made by some of the English judges between those who are known to deal exclusively as factors and those who, in addition, do business on their own account.

We find that in the case of *Baring v. Corrie,* 2 B and A., 137, it is said: "But a mere general knowledge that the person selling the goods is a factor, if he also carries on business *on*

*his own account,* will not be sufficient to charge the vendee with notice. He must know or have good reason to believe that the vendor is acting as the agent of some other person in that particular transaction."

By later English decisions, as well as in some of the highest courts of this country, it seems to be the prevailing opinion that he who deals with one who acts exclusively as a general factor and holds himself out as such is put upon notice as to the agency by the character of the calling. *Guereiro v. Peile,* 5 Eng. C. L., 399; *Warner v. Martin, supra.* In *Trant v. Milliken,* 57 Me., 63, it is held that the vendee purchasing from a foreign factor must have knowledge of his "representative character." There is no evidence that Spraggins was a general factor, whose exclusive business and calling was to sell horses and mules on commission. On the contrary, the defendant offered to prove that Spraggins had his own sign posted over the door of his place of business and that he held himself out to the world as a dealer "on his own hook."

Under such conditions the plaintiffs are held to a certain responsibility for the acts of their agent, and the rule of law applies that the principal is liable where the agent acts within the scope of his apparent authority, provided a liability would attach to the principal if he were in the place of the agent. *Nicholson v. Dover,* 145 N. C., 20, and cases cited.

The principle was formulated in 1833 by *Lord Denman, C. J.,* in *Sims v. Bond,* 27 Eng. C. L., 99, in these words, which have been adopted by text writers and courts generally, viz.: "It is a well-established rule of law that when a contract, not under seal, is made with an agent in his own name for an undisclosed principal, either the agent or the principal may sue upon it, the defendant in the latter case being entitled to be placed in the same position at the time of the disclosure of the real principal as if the agent had been the contracting party." To the same effect are Ewells Evans on Agency, 379; Story on Agency, 420; Wharton on Agency, 403; *Navigation Co. v. Bank,* 47 U. S., 344; *Ford v. Williams,* 62 U. S., 387; *Woodruff v. McGee,* 30 Ga., 158; *Barham v. Bell,* 112 N. C., 133.

Applying this rule, it has been held that where a person sells goods to a purchaser without disclosing his agency, and the purchaser has no knowledge that the former is not the owner of the goods, the purchaser may, in an action by the principal for the purchase money, set-off a demand due him from such agent. *Gardner v. Allen,* 6 Ala., 187, reported in 41 Am. Dec., 46, with copious notes and authorities sustaining the decision. *Caines v. Birsban,* 13 Johns., 9 ; *Hogan v. Shorb,* 24 Wend., 458.

In Story on Agency it is said (section 419) : "So, if the agent has sold goods in his own name, no other person being known as principal, and the agent agrees at the time of the sale that the vendee may set-off against the price a debt due to him by the agent, that set-off will be as good against a suit brought by the principal as it would be if the suit was brought by the agent for the price." This statement of the law is sustained by a great array of authority cited in the case of *Trant v. Milliken, supra.* See, also, *Kelly v. Mason,* 7 Mass., 319. Paley on Agency, 325, says : "If an agent be permitted to deal as if he were principal, the party dealing with him and ignorant of his representative character is entitled to the same rights against him as if he were in fact the principal. So that, under these circumstances, he may set-off against the demand of the principal a debt due from the agent himself." To the same effect are Chitty on Contracts, p. 225 ; 1 Parsons Cont., 632 ; *Gardner v. Allen, supra.* See, also, *Gerard v. McCormick* (N. Y.), 14 L. R. A., 234 and notes ; *Bank v. Gilbert,* 24 Ill. App., 334 ; *Holmes v. Langston,* 110 Ga., 861 ; *Tawnebaum v. Maisellus,* 22 N. Y. Sup., 928 ; *Trutt v. Brown* (Ky.), 15 Am. Dec., 32 ; *Morris v. Sellers,* 46 Tex., 391 ; *Marsh v. Irons,* 3 Mo. App., 486.

There is another familiar principle of law which will bar a recovery by the plaintiffs if the facts are found to be as alleged by defendant.

The plaintiffs have not repudiated their agent's contract and sued for the value of the mule, but have sued upon the contract for the contract price, setting out specifically the contract of sale, the price agreed to be paid, and demanding judgment therefor. It is said by Mr. Reinhard, in his work on Agency, sec. 377 : "If the principal exercises the privilege of appropriating

the benefits of the contract to himself, and sues the third party, the latter has the right, as against the principal, to interpose every defense which would have existed in his favor had the agent been the principal and sued upon the contract; the principal's rights, in other words, are subject to the equities of the third party."

To the same effect are the decisions of the courts. *Taintor v. Prendergash,* 3 Hill (N. Y.), 72, and many cases cited by the author in the notes.

If it should turn out that the defendant had notice of the representative character of Spraggins, or that he was put on inquiry at time of the transaction that he was acting in a fiduciary capacity, this principle would not apply, and the action on the contract for the price agreed could be maintained.

It is true that the defendant did not tender an issue embodying his question as to notice; but inasmuch as the court had excluded all the evidence he offered in support of his amended answer, he was not called upon to tender an issue. He was not required to do a vain thing.

For the error pointed out, there must be a
New Trial.