### FEINSTEIN v. RITTER et al.

(Supreme Court, Appellate Term, First Department. January 7, 1915.)

1. PRINCIPAL AND AGENT (§ 143*)—RIGHTS OF UNDISCLOSED PRINCIPAL—EXCEPTION TO GENERAL RULE.

Where a merchant bought goods from the agent of an undisclosed principal, under the agent's agreement to allow an account against him to be set off against the price of the goods, the undisclosed principal has only the same rights against the merchant as an assignee, and cannot enforce payment in cash, but is bound by the equities between the parties.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 502–512; Dec. Dig. § 143.*]

2. PRINCIPAL AND AGENT (§ 189*) — ACTION BY UNDISCLOSED PRINCIPAL — PROOF UNDER GENERAL DENIAL.

In an action by an undisclosed principal on a contract made by his agent for the sale of goods, under a general denial defendant may prove that the goods were not to be paid for in cash, but by set-off of a claim against the agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 713–717; Dec. Dig. § 189.*]

Appeal from City Court of New York, Trial Term.

Action by Philip Feinstein against William C. Ritter and Leo Ritter. Judgment for plaintiff on directed verdict, and defendants appeal. Reversed, and new trial ordered.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Joseph Gans, of New York City, for appellants.

I. Gainsburg, of New York City (I. Gainsburg and Herman Druck, both of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff herein has recovered a judgment upon the direction of a verdict in an action wherein he alleges that:

"The plaintiff, at the special instance, and request of the defendant, duly sold and delivered to the defendants certain goods, wares, and merchandise for which *defendants promised and agreed to pay*, and which were of the agreed price and reasonable value of the sum of $996.04."

The defendants' answer consists of a general denial, without affirmative defenses. At the trial it appeared practically without contradiction that the defendants had in fact bought goods of the value of $996.04 from the firm of Druss Bros., and that before the sale these goods had been transferred to the plaintiff, who authorized Druss Bros. to sell them for him. Upon this evidence I think that the trial justice properly held that the plaintiff had made out a prima facie case permitting him to sue as the principal of Druss Bros.

The defendants then sought to prove under their general denial: First, that defendants did not receive nor buy the merchandise in question from the plaintiff, nor did they have any transactions with him; second, that they did receive the merchandise in question at the agreed price claimed by plaintiff, but that they bought same and received same from Druss Bros.; third, that there was a debt due from Druss Bros. to defendants, and that *at the time* this bill of goods was sold and delivered to defendants they had an alleged agreement with Druss Bros. to offset the amount of the bill of this merchandise against the debt due them from Druss Bros. All questions which were intended to prove these facts were excluded as immaterial and not within the issues, and a verdict in plaintiff's favor was then directed.

[1] It is unnecessary for us to consider each question so excluded, to determine whether it was on its face material proof upon the issues sought to be raised by the defendant, for the defendant made clear to the court and opposing counsel exactly what he intended to prove, and the questions were excluded clearly upon the ground that these issues could not be raised under a general denial. In fact, my statement of what the defendant sought to prove is taken from the plaintiff's own brief, and the only points to be considered upon this appeal are: (1) Would these facts, if established, constitute a defense to the plaintiff's cause of action? (2) Can they be proven under a general denial? The defendant claims that these facts, if established, would show, first, that they did not buy, as alleged, from the plaintiff; and, second, that they did not agree to pay the sum of $996.04 as alleged, that plaintiff is bound to establish the allegations of its complaint, and, if the defendant by its proof rebuts either of these allegations, it has made good its general denial. On the other hand, it is the plaintiff's claim that, even if the defendant actually bought the goods from Druss Bros., he may sue as an undisclosed principal, and, even if his agent agreed that the price of the goods was to be set off against previous indebtedness, this constitutes an affirmative defense, and, even if plead-

ed, requires proof that the agent had authority to make such a con·tract.

In the case of Moore v. Vulcanite Portland Cement Co., 121 App. Div. 667, 106 N. Y. Supp. 393, the court stated:

"It is undoubtedly the well-settled general rule that 'where an agent enters into a contract as though made for himself, and the existence of a principal is not disclosed, the principal may, as a general rule, enforce the contract.' 1 Am. & Eng. Ency. of Law (2d Ed.) 1168; Nicoll v. Burke, 78 N. Y. 580; Milliken v. Western Union Telegraph Co., 110 N. Y. 403 [18 N. E. 251, 1 L. R. A. 281]. There are, however, exceptions to this general rule."

I have examined with some care the authorities as to when the general rule and where the exceptions apply, and the distinction seems to be practically that the undisclosed principal can enforce the contract where it is in its nature impersonal, but only to the extent that an assignee could enforce it. It would seem that, wherever a contract is executed, the courts of this state allow the undisclosed principal to sue upon it, and "the defendant should not be permitted to escape liability thereon, in the absence of evidence to show that it has been prejudiced by having dealt with an agent as principal," and "no doubt the plaintiff's action would be subject to any equities in favor of the defendant arising from the fact that it had dealt with the agent as the principal." Kelly Asphalt Block Co. v. Barber Asphalt Paving Co., 136 App. Div. 22, at page 25, 120 N. Y. Supp. 163, at page 166.

In this case, if the defendants bought the goods only as a set-off to a debt owed by Druss Bros., and must now pay for these goods in cash, they are prejudiced by having dealt with Druss Bros. as principals, and the plaintiff's action should be subject to the equities in favor of the defendants, arising from these facts. It is, of course, absurd to say that the defendants, to obtain advantage of such a defense, must first prove the agent's authority. The defendants had a right to rely upon Druss Bros. being the owners of the goods and actual principals in the transaction, and were not called upon to make any further inquiries as to an agency which was not disclosed.

[2] The sole remaining point is whether these facts may be proven under a general denial. If the equities urged were such as could be availed of against Druss Bros., if they were plaintiff's, only by a special plea, then there might be some doubt whether they would be availed of as against an undisclosed principal without such a plea. In this case, however, we need not consider this question. Conceding that the plaintiff is the undisclosed principal of Druss Bros., and conceding that he has a right to enforce the contract made by Druss Bros. as apparent principals, he can certainly recover only in accordance with the tenor of the contract actually made with the defendants. He claims that under that contract as made the defendants were to pay $996.04; the defendants say that the contract as made was not that they should pay this sum, but that this sum was to be credited upon an indebtedness from Druss Bros. It is too well established to require citation that a defendant, under a denial of an allegation that a certain contract was made, may prove that the contract was different from the contract alleged. The defendants in this case seek to do exactly that. Their

proof offered constitutes neither an affirmative defense nor a counterclaim, and should have been received under the general denial.

Judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.