PHILIP FEINSTEIN, Respondent, *v.* WILLIAM C. RITTER
and LEO RITTER, Appellants.

(Supreme Court, Appellate Term, First Department, January, 1915.)

Contracts — action by principal to recover purchase price — when de-
fendant entitled to show fact of agreement — sales.

> On a sale of goods by the agent of an undisclosed principal,
> his agreement to allow the amount of an account against him as
> an offset against the purchase price binds his principal, and in
> an action by the principal to recover the purchase price de-
> fendant under a general denial is entitled to show the fact of
> such agreement.

> A defendant under a denial of an allegation of a complaint
> that a certain contract was made may prove that the contract
> made was different from the one alleged in the complaint.

APPEAL by defendants from a judgment of the City
Court of the city of New York entered upon a verdict
rendered in favor of plaintiff by direction of the court.

Joseph Gans, for appellants.

I. Gainsburg (Herman Druck, of counsel), for re-
spondent.

LEHMAN, J.  The plaintiff herein has recovered a
judgment upon the direction of a verdict in an action
wherein he alleges that " the plaintiff at the special in-
stance and request of the defendants duly sold and de-
livered to the defendants certain goods, wares and
merchandise for which *defendants promised and
agreed to pay* and which were of the agreed price and
reasonable value of the sum of nine hundred ninety-six
and 04/100 dollars."   The defendants' answer con-
sists of a general denial without affirmative defenses.

At the trial it appeared practically without contradiction that the defendants had in fact bought goods of the value of $996.04 from the firm of Druss Brothers and that before the sale these goods had been transferred to the plaintiff, who authorized Druss Brothers to sell them for him. Upon this evidence I think that the trial justice properly held that the plaintiff had made out a *prima facie* case permitting him to sue as the principal of Druss Brothers. The defendants then sought to prove under their general denial: *First,* that defendants did not receive nor buy the merchandise in question from the plaintiff, nor did they have any transactions with him; *second,* that they did receive the merchandise in question at the agreed price claimed by plaintiff, but that they bought same and received same from Druss Brothers; *third,* that there was a debt due from Druss Brothers to defendants, and that *at the time* this bill of goods was sold and delivered to defendants they had an alleged agreement with Druss Brothers to offset the amount of the bill of this merchandise against the debt due them from Druss Brothers. All questions which were intended to prove these facts were excluded as immaterial and not within the issues, and a verdict in plaintiff's favor was then directed.

It is unnecessary for us to consider each question so excluded to determine whether it was on its face material proof upon the issues sought to be raised by the defendants, for the defendants made clear to the court and opposing counsel exactly what they intended to prove, and the questions were excluded clearly upon the ground that these issues could not be raised under a general denial. In fact my statement of what the defendants sought to prove is taken from the plaintiff's own brief, and the only points to be considered upon this appeal are: (1) Would these facts, if established,

constitute a defense to the plaintiff's cause of action; (2) can they be proven under a general denial? The defendants claim that these facts, if established, would show: *First,* that they did not buy, as alleged, from the plaintiff; and, *second,* that they did not agree to pay the sum of $996.04 as alleged; that plaintiff is bound to establish the allegations of his complaint, and if the defendants by their proof rebut either of these allegations, they have made good their denial. On the other hand, it is the plaintiff's claim that even if the defendants actually bought the goods from Druss Brothers, he may sue as an undisclosed principal, and even if his agent agreed that the price of the goods was to be set off against previous indebtedness, this constitutes an affirmative defense and even if pleaded requires proof that the agent had authority to make such a contract.

In the case of *Moore* v. *Vulcanite Portland Cement Co.,* 121 App. Div. 667, the court stated: "It is undoubtedly the well-settled general rule that ' where an agent enters into a contract as though made for himself, and the existence of a principal is not disclosed, the principal may, as a general rule, enforce the contract.' (1 Am. & Eng. Ency. of Law [2d ed.], 1168; *Nicoll* v. *Burke,* 78 N. Y. 580; *Milliken* v. *Western Union Tel. Co.,* 110 id. 403.) There are, however, exceptions to this general rule." I have examined with some care the authorities as to when the general rule and where the exceptions apply, and the distinction seems to be practically that the undisclosed principal can enforce the contract where it is in its nature impersonal, but only to the extent that an assignee could enforce it. It would seem that wherever a contract is executed, the courts of this state allow the undisclosed principal to sue upon it, and " the defendant should not be permitted to escape liability thereon in the

absence of evidence to show that it has been prejudiced by having dealt with an agent as principal '' and '' no doubt the plaintiff's action would be subject to any equities in favor of the defendant arising from the fact that it had dealt with the agent as the principal.'' *Kelly Asphalt Block Co.* v. *Barber Asphalt Paving Co.,* 136 App. Div. 22, 25. In this case if the defendants bought the goods only as a set off to a debt owed by Druss Brothers and must now pay for these goods in case, they are prejudiced by having dealt with Druss Brothers as principal, and the plaintiff's action should be subject to the equities in favor of the defendants, arising from these facts. It is of course absurd to say that the defendants to obtain advantage of such a defense must first prove the agent's authority. The defendants had a right to rely upon Druss Brothers being the owners of the goods and actual principals in the transaction, and were not called upon to make any further inquiries as to an agency which was not disclosed.

The sole remaining point is whether these facts may be proven under a general denial. If the equities urged were such as could be availed of against Druss Brothers, if they were plaintiff's only by a special plea, then there might be some doubt whether they could be availed of as against an undisclosed principal without such a plea. In this case, however, we need not consider this question. Conceding that the plaintiff is the undisclosed principal of Druss Brothers and conceding that he has a right to enforce the contract made by Druss Brothers as apparent principals, he can certainly recover only in accordance with the tenor of the contract actually made with the defendants. He claims that under the contract as made the defendants were to pay $996.04; the defendants say that the contract as made was not that they should pay this sum, but that

this sum was to be credited upon an indebtedness from Druss Brothers. It is too well established to require citation that a defendant under a denial of an allegation that a certain contract was made may prove that the contract was different from the contract alleged. The defendants in this case seek to do exactly that. Their proof offered constitutes neither an affirmative defense nor a counterclaim and should have been received under the general denial.

Judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DELANY and WHITAKER, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.