HUDGINS PRODUCE CO. v. J. R. BEGGS & CO. (No. 1580.)

(Court of Civil Appeals of Texas. Texarkana. March 9, 1916. On Motion for Rehearing, April 13, 1916.)

1. PRINCIPAL AND AGENT ☞145(3) — RIGHTS AGAINST THIRD PERSONS — UNDISCLOSED AGENCY.

One who purchases from an agent property intrusted to him by an undisclosed owner to sell, relying on the ownership being in the agent, can assert against the owner any defense to an action for the purchase price existing against the agent when the purchaser became chargeable with notice of the owner's rights.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 515–517; Dec. Dig. ☞ 145(3).]

2. PRINCIPAL AND AGENT ☞195 — ACTIONS AGAINST THIRD PERSONS — FINDINGS — NOTICE OF AGENCY.

In an action for the purchase price of potatoes sold by an undisclosed agent, a finding that the buyer had no notice that the potatoes were not the property of the agent is in effect a find-

ing that the buyer in good faith believed, and had a right to believe, that the agent was the owner.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 732; Dec. Dig. ☞195.]

3. PAYMENT ☞63(1)—PLEADING—ISSUES.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1325, 1326, authorizing the pleading of a counterclaim and prescribing its requisites, and article 1907 providing that if the defendant shall fail to plead the nature of the payment or account relied on as a set-off, he shall be permitted to prove it, defendant who pleaded payment to plaintiff's agent without knowledge of the agency as a set-off cannot complain of the court's failure to allow it to set off an existing account against the agent.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 152–154, 156, 157; Dec. Dig. ☞ 63(1).]

4. PRINCIPAL AND AGENT ☞190(3) — RIGHTS AGAINST THIRD PERSONS — PLEADING — ADMISSION OF EVIDENCE.

Where defendant, under a plea of payment to plaintiff's agent under which he was entitled to prove a payment in money only, was permitted to prove without objection that he had credited the agent's account at the latter's request with the amount due plaintiff, the effect of proof was to show payment.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 720; Dec. Dig. ☞190(3).]

5. PRINCIPAL AND AGENT ☞190(3)—ACTIONS AGAINST THIRD PERSONS — SET-OFF — EVIDENCE.

In an action for the purchase price of potatoes sold through a broker who did not disclose his agency, evidence held to show that the broker authorized the buyer to set off its account against the broker.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 720; Dec. Dig. ☞190(3).]

6. PRINCIPAL AND AGENT ☞143(6)—RIGHTS AGAINST THIRD PERSONS — UNDISCLOSED AGENCY—PAYMENT TO AGENT.

One who bought potatoes from a broker who did not disclose his agency, and thereafter, with the consent of the broker, set off the latter's account due the buyer against the purchase price, can rely on such set-off as payment in an action by the principal, though the account set off was a pre-existing indebtedness, since the buyer in such case need not show that it parted with anything of value on the faith of the broker's ownership in the goods.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 510; Dec. Dig. ☞143(6).]

Appeal from Bowie County Court; Lee Tidwell, Judge.

Action by J. R. Beggs & Co. against the Hudgins Produce Company. Judgment for the plaintiff, and defendant appeals. Reversed, and on rehearing remanded for new trial.

In October, 1913, appellees, wholesale dealers at St. Paul, Minn., sold a carload of potatoes to Sanders Bros., through the Gaines-Ramage Company, brokers at Texarkana, Tex. The potatoes were consigned to appellees' order with instructions to the carrier to notify Sanders Bros. when same reached Texarkana. The bill of lading covering the shipment, with a draft on Sanders Bros. for the purchase price of the potatoes attached thereto, was sent to a bank in Texarkana. Sanders Bros. having refused to receive any

pay for the potatoes when same reached Texarkana, appellees had the bank to deliver the bill of lading, which they had indorsed in blank, to the Gaines-Ramage Company, and instructed that company to sell the potatoes on their (appellees') account. Thereupon the Gaines-Ramage Company sold same to appellant. This suit was by appellees, on the contract of sale, to recover a balance which' they claimed was unpaid by appellant of the purchase price of the potatoes. The appeal is from a judgment in appellees' favor for $303, the balance, and interest thereon, found by the court to be due to appellees by appellant.

Wheeler & Wheeler, of Texarkana, for appellant. Sam H. Smelser and Wm. V. Brown, both of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] In its answer appellant alleged that it bought the potatoes of the Gaines-Ramage Company believing that company to be the owner of same, and that it paid the Gaines-Ramage Company for the potatoes in full at a time when it had no notice of the fact that appellees owned them. If it appeared from the proof made that appellant did that, then the judgment should not have been in appellees' favor, for the law is that one who purchases from an agent property an undisclosed owner has intrusted to him to sell, in good faith, relying upon the ownership being in the agent, is entitled, when sued by the owner for the purchase price, to assert against him any defense which existed in his favor against the agent at the time when he (the purchaser) became chargeable with notice of the rights of the owner. 2 Clark & Skyles on Agency, § 884; 19 Cyc. 171; Baxter v. Sherman, 73 Minn. 434, 76 N. W. 211, 72 Am. St. Rep. 631, a case in many respects like this one; Henderson v. Johnson, 22 Tex. Civ. App. 381, 55 S. W. 35; Winslow v. Staton, 150 N. C. 264, 63 S. E. 950; Gardner & Sager v. Allen, 6 Ala. 187, 41 Am. Dec. 45; Feinstein v. Ritter, 88 Misc. Rep. 559, 150 N. Y. Supp. 903. Had the suit been by the Gaines-Ramage Company as the owners of the potatoes, it is clear that proof by appellant that it had paid the purchase price to that company would have been a complete defense.

[2] The trial court found as a fact that at the time appellant purchased the potatoes it had no notice that they were not the property of the Gaines-Ramage Company. This finding should be treated by us as one establishing, in its legal effect, that appellant in good faith believed, and had a right to believe, when it purchased the potatoes, that the Gaines-Ramage Company was the owner thereof.

[3] The court further found that appellant, after paying the carrier the amount of its charges against the shipment, credited an account it had against the Gaines-Ramage Company with the balance remaining of the purchase price of the potatoes. Had appellant by proper pleadings asked the court to set off the account so credited against appellees' demand, it would appear clear enough that the court, on the findings made by him and the undisputed evidence, should have allowed the set-off and have rendered judgment in appellant's favor, and that he did not do so because of an erroneous view he entertained of the law applicable to the case; for the testimony conclusively established that the account credited covered transactions which' occurred at a time when, according to the other finding of the court specified above, appellant had no notice that the Gaines-Ramage Company did not own the potatoes, and, further, that the balance in appellant's favor shown by the account was a sum in excess of that it owed for the potatoes. But appellant did not plead the indebtedness due it by the Gaines-Ramage Company as an offset against appellees' demand, as the law required it to (articles 1325, 1326, and 1907, Vernon's Statutes), and therefore it has no right to complain of the failure of the trial court to allow its account as an offset.

[4, 5] As stated above, the defense pleaded by appellant was that it had paid Gaines-Ramage Company for the potatoes at a time when it had no notice of the fact that that company did not own them. In support of its plea, which was a general one, it was entitled to prove a payment in money only; but, instead, it proved, without objection on appellees' part, that at the time it purchased the potatoes there were mutual accounts between it and the Gaines-Ramage Company; that within about a week after the purchase it presented to the Gaines-Ramage Company for payment its account against that company for a sum greater than the balance due by it for the potatoes; and that, at the instance and request of the Gaines-Ramage Company, it then credited the account with that balance. The effect of such proof was, we think, to show that appellant paid the Gaines-Ramage Company for the potatoes. 30 Cyc. 1187. It is true that the witness Gaines, who, it seems, acted for the Gaines-Ramage Company in the transaction, testified that he "never had a settlement" with appellant with reference to the potatoes; but he further testified:

"It is a fact that the settlement between the Gaines-Ramage Company and the Hudgins Produce Company simply had the effect of satisfying a debt which they claim was due them by the Gaines-Ramage Company, and in payment of the car of potatoes they simply gave credit on the amount they claimed was due them."

[6] As we construe his testimony, Gaines did not mean to be understood as denying that his company, as the witness Offenhauser testified it did, directed appellant to credit its account with the balance due on the potatoes, but to deny that the credit was on account of transactions between the Gaines-Ramage Company and appellant which occur-

red after the latter purchased the potatoes. It is apparent from the record that the case was tried and decided by the court on the erroneous theory that if the credit given by appellant on its account against the Gaines-Ramage Company was against an indebtedness of that company which existed in appellant's favor at the time it purchased the potatoes, the fact that it may have operated as a payment between appellant and that company was not a reason why appellees should not recover as they prayed for against appellant. In other words, upon the theory that appellant could defend against the suit of appellees only upon the ground that it occupied the position of an innocent purchaser of the potatoes, and must show not only that it had no notice of appellees' rights, but also that it paid what in law was a valuable consideration for the property. An examination of the authorities cited above will show that it was not incumbent on appellant to prove that it paid such a consideration, but that it was entitled to protection against appellees' demand if it paid for the potatoes by crediting an indebtedness which existed in its favor against Gaines-Ramage Company at the time of the purchase, or which arose in its favor before it was chargeable with notice of appellees' rights.

We have reached the conclusion that the findings of the court referred to above should be construed, when the testimony is kept in mind, as findings that appellant purchased the potatoes at a time when it believed and had a right to believe that the Gaines-Ramage Company owned them, and paid that company in full for them by crediting, at that company's request, an indebtedness that company owed it, at a time when it had no notice of appellees' rights. This conclusion requires a reversal of the judgment and a rendition here of judgment in appellant's favor.

### On Motion for Rehearing.

Further consideration of the record in connection with the motion has convinced us that we should have remanded the cause for a new trial after reversing the judgment of the court below, instead of rendering judgment here. Therefore the judgment heretofore rendered by this court will be set aside in so far as it is in favor of appellants, and the cause will be remanded to the court below for a new trial.

---

⚍For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes