**JARBE OIL COMPANY, Appellant,**

v.

**BIRDWELL & SON DRILLING COMPANY,
Appellee.**

No. 3530.

Court of Civil Appeals of Texas.

Eastland.

April 29, 1960.

Rehearing Denied May 20, 1960.

John O. Harris, Coleman, for appellant.

H. O. Woodward, Coleman, for appellee.

WALTER, Justice.

Jarbe Oil Company filed suit against Birdwell & Son Drilling Company to recover its ⅞ths interest in three 150-barrel tanks which Birdwell had purchased from Jarbe's agent, Irish Drilling Company. Birdwell & Son Drilling Company pleaded that they purchased said tanks from Irish Drilling Company in the regular course of business, in good faith, without notice of any kind that plaintiff owned an interest in the property by allowing Irish Drilling Company a credit of $1,000 on its account.

In a nonjury trial, judgment was rendered in favor of the defendant. Plaintiff has appealed, contending the court erred because the undisputed evidence shows the defendant purchased the tanks from plaintiff's agent and credited the purchase price on a pre-existing debt owed by the agent to the defendant.

The parties will be designated as they were in the trial court. Plaintiff and its agent, Irish Drilling Company, were plugging a well near Desdemona, Texas. Plaintiff's agreement with its agent was that the agent was to pull the rods, tubing and casing and move all the equipment to its yard and place it in condition for sale. The agent was to receive 15% commission for handling and selling plaintiff's ⅞th interest in the equipment. The agent owned a ⅛th interest in the tanks and equipment.

Plaintiff's agent was in the business of buying and selling oil field salvage and operated a yard and place of business at Eastland, Texas. The defendant had done business with Irish Drilling Company before. One of the defendants, H. A. Birdwell, testified that Mr. Haynes of the Irish Drilling Company came by his office to find out if he were interested in some tanks. Mr. Birdwell replied: "Yeh, might be.—What's the price?" Haynes said, "$1,500.00

for three 150 barrel tanks with three-sixteenths steel in 'em, you know, and connections and walk-a-way.—if you'll buy 'em off of me, that $1,155.00 that Irish Drilling Company owes you can apply on the tanks, and then you pay us the difference.", and Birdwell answered "Okay, just bring 'em over, we'll take 'em." Two tanks were delivered and accepted by the defendant and they gave Irish Drilling Company a credit for $1,000.00 on its account. Before the third tank was unloaded, the defendant discovered it was a light weight tank and refused it because it was not as represented. Permission was granted to Irish Drilling Company to store it at the defendant's yard. It was thereafter sold to some other party for $350.00. The record reveals that the defendant had no actual or constructive notice that plaintiff owned an interest in the tanks.

■ No findings of fact or conclusions of law were requested by the plaintiff. It is elementary that when an appellant contests the trial court's judgment without requesting findings of fact or conclusions of law, we must assume that the trial court's findings were all in support of its judgment; and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law. City of Abilene et al. v. Meek et al., Tex. Civ.App., 311 S.W.2d 654 (Writ Ref.).

■ Plaintiff in his brief asserts "Essentially this case can be considered as a struggle between two innocent parties over a loss resulting from the insolvency of a third party." "Where one of two innocent persons must suffer for the wrongful act of a third, he who gave the power to do the wrong must bear the burden of the consequences." T. G. Bush Grocery Company v. Conely, 61 Fla. 131, 55 So. 867, 869.

■ "An agent's authority is presumed to be coextensive with the business entrusted to his care. Moreover, such presumed or apparent authority is not diminished by private limitations placed thereon by the principal, where such limitations are known only to the principal and the agent, and are not communicated to innocent third parties dealing with the agent." 2 Tex.Jur.(2d) 490. "Accordingly, if an agent's conduct is within the scope of his apparent authority, his principal will be deemed to be bound thereby, even though the agent's conduct may violate certain private instructions given by the principal to the agent only." 2 Tex.Jur. (2d) 491. Plaintiff knew or should have known that Irish Drilling Company would place these tanks and other equipment on its yard where it would be daily exposed for sale to the public and that in the ordinary course of business this property would be sold to some person who had no notice of the plaintiff's interest in the property. Plaintiff took no steps to put the buying public on notice of its interest or of any limitation it had placed upon its agent's authority to sell said property.

■ Defendant purchased said tanks in the ordinary course of business, in good faith, without notice of plaintiff's interest in the property, or of any limitation on the agent's authority. We hold that under the facts and circumstances of this case the defendant was justified in presuming that the tanks belonged to plaintiff's agent and that the plaintiff is estopped to assert any title to said property in the hands of this defendant. See 2 Tex.Jur. (2d), paragraph 50, page 493; Hudgins Produce Company v. J. R. Beggs & Co., Tex.Civ.App., 185 S.W. 339.

The judgment is affirmed.