**STATE of Texas et al., Appellants,**

v.

**Irma Sue MASON, Appellee.**

**No. 11032.**

Court of Civil Appeals of Texas.

Austin.

Nov. 14, 1962.

Rehearing Denied Dec. 5, 1962.

Henry Wade, Criminal Dist. Atty., A. D. (Jim) Bowie, Don T. Cates, Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, for appellants.

McKool & McKool, Dallas, for appellee.

HUGHES, Justice.

The State of Texas and Dallas County sued Irma Sue Mason, a feme sole, Clyde Combs, Elvis Clark and the Grove State Bank to condemn a tract of land in Dallas County for public highway purposes. Judgment of condemnation was rendered in favor of the State and Dallas County against all defendants. Judgment in favor of Irma Sue Mason in the sum of $8,800.00 was rendered against the State and Dallas County. As to the Grove State Bank, Elvis Clark and Clyde Combs, judgment was rendered that they take nothing against the State and Dallas County. Judgment was rendered for the State and Dallas County against Clyde Combs for the sum of $1100.00 previously withdrawn by him from a deposit made by the State and Dallas County with the Clerk of the County Court of Dallas County.

The only questions on this appeal by the State and Dallas County relate to the propriety of the court's action in refusing to deduct from the $8,800.00 damages awarded Irma Sue Mason the sum of $1100.00 previously withdrawn by Clyde Combs. The facts follow:

On June 26, 1959, the commissioners appointed to assess the damages due the owners of the property sought to be condemned made their award by which $1,100.00 was awarded "to Lessee, Clyde Combs" and $4,300.00 was awarded jointly to Irma Sue Mason, Grove State Bank and Elvis Clark.

On July 9, 1959, the State and Dallas County and Irma Sue Mason filed objections to this award, thus effecting an appeal to the County Court.

On August 20, 1959, the court below entered the following order:

"On this the 20th day of Aug., A.D. 1959 the court having been advised by the defendant that they desire to withdraw the sum of $1,100.00 which has been placed in the possion and custody of Ed H. Steger, County Clerk of Dallas County, Texas, subject to the order of the defendant in this cause, and it further appearing to the court that on the 29th day of June, A.D. 1959, the special commissioners appointed by this court assessed damages and awarded to the defendant in this cause the sum of $1,100.00 as damages for the taking of the property in question, and it further appearing to the court that the plaintiff has deposited with the Clerk of this court the said sum of $1,100.00, which said sum is due and belongs to the defendant in this cause, and that the defendant are entitled to withdraw said sum from the registry of the court according to law, and the court further finds that by withdrawing said sum, defendant will not in any way prejudice their rights;

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this court that Ed H. Steger, County Clerk of Dallas County, Texas, be, and he is hereby, ordered and required to distribute the sum of $1,100.00 to Lesse___, Clyde Combs."

Acting pursuant to this order, Clyde Combs withdrew $1100.00 from the deposit made by the State and Dallas County in the registry of the court. As above indicated, the Trial Court found that the leasehold rights of Mr. Combs were valueless.

The record does not disclose by what authority the State and Dallas County made the deposit with the Clerk of the County Court from which Mr. Combs withdrew the $1100.00 awarded him by the Commissioners. We assume, however, that it was made under the provisions of Art. 3268, Vernon's Ann.Civ.St., which provides in part, that if the plaintiff in condemnation desires to take possession of the property sought to be condemned pending litigation it may do so by paying the defendant the amount of damages awarded or adjudged against it by the Commissioners or deposit the same in money in court, subject to the order of the defendant.

Appellants and appellee agree that Mr. Combs owes $1100.00, but neither is anxious to be his creditor.

Appellants point to authorities which hold that distribution of money representing the full value of condemned property which has been paid to the owners or deposited in court for them is of no concern to the condemnor and conclude that the $1100.00 erroneously received by Mr. Combs is not their concern but only a matter for Irma Sue Mason to resolve.[1]

It is our opinion that this controversy should be determined by application of the equitable rule "* * * that as between innocent parties he who has trusted most must lose must. * * *" 22 Tex.Jur.2d, Equity Sec. 50, p. 599. In Jarbe Oil Company v. Birdwell and Son Drilling Company, Tex.Civ.App., 335 S.W.2d 394, writ ref. N.R.E., the Eastland Court of Civil Appeals approvingly quoted this statement of the same equitable maxim "Where one of two innocent persons must suffer for the wrongful act of a third, he who gave the power to do the wrong must bear the burden of the consequences." T. G. Bush Company v. Conley, 61 Fla. 131, 55 So. 867, 869.

---

1. Authorities cited by appellants are: State of Tennessee v. Texaco, Inc., Tenn. App., 354 S.W.2d 792; 69 A.L.R. 1263,

166 A.L.R. 1211; 29 C.J.S. Eminent Domain § 197, pp. 1102–1103.

Appellants and appellee are innocent of any wrongdoing. Their rights and obligations are fixed. Appellants should be required to pay the full value of the condemned property, and no more. Appellee should be paid the full value of her property which was condemned, and no less.

Assuming that Mr. Combs does not repay the $1100.00 which he does not deserve, then, some of the parties here will suffer this loss.

What did appellee do to bring this loss about or make it possible? Nothing.

What did appellants do in this respect? They voluntarily paid the $1100.00, which Mr. Combs withdrew, into the registry of the court with full knowledge that such deposit was "subject to the order" of Mr. Combs. In short, appellants made this loss, if loss there be, possible, and as between them and appellee, the responsibility is theirs.

The judgment of the Trial Court is affirmed.

Affirmed.